## UNITED STATES v. EDMONDS.
### Cr. No. 501.

United States District Court
District of Columbia.
Oct. 29, 1951.

George Morris Fay, U. S. Atty., Mrs. Grace Stiles, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Curtis P. Mitchell, Washington, D. C., for defendant.

PINE, District Judge.

This is a motion for a new trial or judgment of acquittal. The ground relied on at the hearing is that the Court committed error in the admission of certain evidence.

Defendant was tried and convicted on a two-count indictment charging housebreaking and larceny. He was acquainted with the complaining witness, and lived in a roominghouse adjacent to her home. Returning thereto after a short absence, she discovered that certain of her personal property had been removed. She notified the police. During their investigation they observed jimmy marks on her door, and later went to defendant's room. This they entered and searched with only the consent of his landlord, and took possession of the alleged stolen articles, one a radio and the other an electric iron. Defendant was thereafter arrested, and denied his guilt, explaining that he had purchased the articles from an unknown man who had accosted him on the street.

The police officers entered his room without a warrant and without his consent. In doing so, they invaded defendant's constitutional rights and unlawfully seized the property. However, from the date of his arrest to the date of his trial he made no motion for the suppression of the use of this evidence. This was a period of

nearly seven months. Over five months ago he retained capable counsel of long experience in criminal trials, and one who over the years has filed many motions in this court for the return and suppression of evidence allegedly illegally seized. It was not until the trial was well under way that he objected to the radio and iron being received in evidence, on the ground of illegal seizure and inadequate identification. Because of peculiar characteristics, the radio was adequately identified as belonging to the complaining witness, but the iron was only identified as appearing to be like the one belonging to her. The latter was not received in evidence, because of insufficient identification, but the Court overruled his objection in respect of the radio, holding that the identification was sufficient and that the claim of unlawful seizure was not seasonably made.

Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that a person aggrieved by an unlawful search and seizure may move to suppress for use as evidence anything so seized, but provides that such motion shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion. It further provides that the Court, in its discretion, may entertain the motion at the trial. In this case, opportunity to make the motion did exist before trial, and defendant was aware of the factual grounds for the motion; and I find herein no justification for the exercise of the discretion provided by the rule.

Defendant, however, contends that I am required to exclude the unlawfully seized evidence when objection is made for the first time at the trial, notwithstanding the plain terms of the rule to the contrary. This rule is but a codification of preexisting law and practice, Notes of the Committee, page 32, and refusal to exclude the evidence on the ground of defendant's failure to make seasonable objection thereto is fully supported in the following cases in the Supreme Court of the United States, United States Courts of Appeals for this and other jurisdictions, and this court: Adams v. New York, 192 U.S. 585, 24 S.

Ct. 372, 48 L.Ed. 575; Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L. Ed. 652; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; Segurola v. United States, 275 U.S. 106, 107, 48 S.Ct. 77, 72 L.Ed. 186; Nardone v. United States, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307; Bennett v. United States, 70 App.D.C. 76, 104 F.2d 209; Cromer v. United States, 78 U.S. App.D.C. 400, 142 F.2d 697, certiorari denied 322 U.S. 760, 64 S.Ct. 1274, 88 L.Ed. 1588; Moore v. Aderhold, 10 Cir., 108 F. 2d 729; Taylor v. Hudspeth, 10 Cir., 113 F.2d 825; United States v. Lewis, D.C.D. C., 87 F.Supp. 970, reversed on other grounds, 87 U.S.App.D.C. 274, 184 F.2d 394. Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; and Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275, are not to the contrary.

The motion is accordingly denied.