Argued May 19, affirmed May 27, 1964

# STATE OF OREGON *v.* CLARK
392 P. 2d 643

*Hollis C. Ransom, Jr.,* Portland, argued the cause and filed a brief for appellant.

George Van Hoomissen, District Attorney, Portland, filed a brief for respondent. With him on the brief was Vincent G. Ierulli, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and DENECKE, Justices.

McALLISTER, C. J.

The defendant, Allen Marvin Clark, plead guilty to the crime of larceny, and was sentenced to imprison-

ment in the penitentiary for an indeterminate period of not to exceed five years. The defendant appeals pursuant to ORS 138.050,[①] and in his brief states that the sole question is whether the sentence imposed is excessive, cruel or unusual.

In *State v. Ridder*, 185 Or 134, 202 P2d 482 (1949) this court said that the "obvious purpose of the statute, insofar as it pertains to the Supreme Court, is to empower us to review the discretion of the Circuit Court in passing sentence after a plea of guilty, and, if we are of the opinion that the punishment is excessive, unusual or cruel, and not proportionate to the offense, to determine what punishment should have been imposed and to direct the court below to change the sentence accordingly." This court also held that before it could exercise the power conferred on it by ORS 138.050, it must have before it the record upon which the circuit court acted, and adopted a mode of proceeding for the filing of that record in this court. ORS 1.160. The court said "that the defendant may file in this court as part of the judgment roll a document analogous to a bill of exceptions, duly certified to by the circuit judge as a full and true record of the evidence upon which the judge acted in passing sentence." Since the *Ridder* case was decided the transcript as

---

[①] ORS 138.050. "A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the Supreme Court; * * *. On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. If in the judgment of the appellate court the fine imposed is excessive or the punishment imposed is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

defined in ORS 19.005 has been substituted for the bill of exceptions. ORS 19.114.

No transcript or other document "certified to by the circuit judge as a full and true record of the evidence" upon which he acted in passing sentence is included in the record of this case. There is in the record a transcript of certain proceedings had when sentence was imposed on defendant. This transcript, certified only by the court reporter, discloses that the court before passing sentence considered a presentence report, presumably made by the Board of Parole and Probation. That report, however, has not been made a part of the record on appeal. We are, therefore, precluded from reviewing the discretion of the circuit court in imposing sentence on the defendant in this case.

There is nothing in that portion of the record in this case that is before us to indicate that the circuit court abused its discretion in imposing a sentence of five years upon defendant. For the criteria to be applied in reviewing the discretion of the trial court in this class of cases see *State of Oregon v. Samuel Lomont Montgomery,* decided this day. 237 Or 593, 392 P2d 642.

The judgment is affirmed.