Argued May 6, affirmed May 27, 1964

# STATE OF OREGON *v.* MONTGOMERY

### 392 P. 2d 642

*David C. Silven,* Baker, argued the cause for appellant. On the brief were Banta, Silven & Young, Baker.

*Jesse R. Himmelsbach, Jr.,* District Attorney, Baker, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL and DENECKE, Justices.

PER CURIAM.

The defendant was jointly indicted with one Galan Paul Clipston for the crime of burglary not in a dwelling. He entered a plea of guilty to the charge and was sentenced to the Oregon Correctional Institution for a period not to exceed three years. From the sentence imposed, the defendant appeals.

The burden of the defendant's plea is that it would be more consistent with his ideas of justice and reformation if he were placed on probation by the trial court.

Probation, before or after sentence and before commitment, is a matter of grace which rests entirely within the sole discretion of the trial court. ORS 137.510. ORS 138.050, under which this appeal is authorized, provides only for review of the sentence imposed. This is explicit in the words used in the statute: "an excessive fine or excessive, cruel or unusual punishment."

In *State v. Ridder,* 185 Or 134, 137, 202 P2d 482, while we held that the purpose of ORS 138.050 was to empower this court "* * * to review the discretion of the Circuit Court in passing sentence after a plea of guilty * * *," it must be noted, this power of review is limited by the statute to consideration of "whether

an excessive fine" has been imposed or "excessive, cruel or unusual punishment" has been inflicted which is "not proportionate to the offense." cf *State v. Clark*, decided this day, 237 Or 596, 392 P2d 643.

◼ Under statute, unless a death sentence has been imposed, the trial court, in decreeing imprisonment, may provide only that the sentence be "for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum penitentiary term for the crime, * * *." ORS 137.120. Thus the trial court's discretion in decreeing confinement is exercised only in the determination of a maximum term under which a prisoner may be held in the penitentiary.

◼ This court then ought not disturb the discretion of the trial court in fixing a maximum term of imprisonment unless it clearly appears that the sentence imposed was due to improper motives or so greatly disproportionate to the circumstances in the commission of the offense as to shock the conscience of fair-minded men.

◼ An examination of the record in this case discloses nothing that would justify this court in disturbing the discretion of the trial court.

The judgment is affirmed.