Submitted January 3, affirmed January 19, 1966

## STATE OF OREGON *v.* SHANNON
### 409 P. 2d 911

No appearance for respondent.

McALLISTER, C. J.

The defendant pleaded guilty to a charge of burglary not in a dwelling, and appeals from a sentence to the penitentiary for a term not to exceed 10 years, the maximum provided by the applicable statute, ORS 164.240.

The defendant contends that he was not the principal actor in the perpetration of the crime, but only an accomplice, and that imposition of the maximum sentence violated Article I, Section 15, of the Oregon Constitution, which provides that laws for the punishment of crime "shall be founded on the principles of reformation, and not of vindictive justice."

■ After a plea of guilty, the only question which may be considered on appeal is whether "an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed." ORS 138.050; *State v. Jairl,* 229 Or 533, 541-542, 368 P2d 323 (1962).

■■ Our statutes, ORS 161.210 and 161.220, have eliminated the common law distinction between an ac-

cessory before the fact and a principal, and between principals in the first and second degree, and provide that all persons concerned in the commission of a crime are principals. There is consequently no merit in defendant's contention.

■■ This court should not modify the sentence imposed by the trial court unless it clearly appears that the sentence was the result of improper motives, or was so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964); see also, *State v. Harp,* 239 Or 481, 398 P2d 182 (1965). We have reviewed the record and find no abuse of discretion in the sentence imposed by the trial court.

The judgment is affirmed.