Argued June 9, affirmed June 22, 1966

## STATE OF OREGON *v.* DONALD BERT THORNTON

416 P. 2d 1

*J. David Kryger,* Salem, argued the cause for appellant. With him on the brief was F. P. Stager, Salem.

*Gary D. Gortmaker,* District Attorney, Salem, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, Denecke and Hammond, Justices.

HAMMOND, J. (Pro Tempore).

Defendant appeals from an indeterminate sentence of not to exceed five years in the Oregon Correctional Institution upon his plea of guilty to a district attor-

ney's information charging him with the crime of contributing to the delinquency of a minor.

Defendant's sole assignment of error is that the court abused its discretion in determining the maximum length of his imprisonment. The contention is that the punishment is disproportionate to the crime committed. The sentence imposed is authorized by ORS 167.220.

The information to which defendant plead guilty charges that he contributed to the delinquency of a 17-year-old youth in that he "allowed said minor to participate in loud, boisterous and disorderly activities within his home; which act did manifestly then and there tend to cause said minor to become a delinquent child, * * *." The defendant was represented by counsel and acknowledged his awareness of the maximum penalty imposed by the statute at the time he entered his plea.

A presentence investigation was made by the State Board of Parole and Probation and a report thereof was rendered to the court. Defendant's attorney was permitted to examine the report and to comment to the court concerning its contents. At the request of the defendant such report was made a part of the record upon this appeal.

The presentence report presents to the court the picture of a twenty-year-old man of better than average native intelligence. There is a sorry history of neglect by divorced natural parents, maladjustment in foster homes, and eventually a commitment to the Mac-Laren School for Boys. His adult criminal record is of recent origin but is not extensive. Defendant appears at best to have a sporadic work record, which is not surprising, since he obviously has developed negligible talents that would be saleable in the labor

market. His sense of responsibility is characterized as "lacking." Liquor is a problem.

The events which brought about these proceedings are briefly these: Defendant and his young wife and their child occupied a home with the wife's mother. The child died and the wife was removed from the home by the juvenile authorities. Starting shortly thereafter, the defendant sponsored a series of boisterous "parties" in his home, in which juveniles, including the person named in the information, participated. Much beer, fights, broken windows and doors, and very late hours were part of the problem. The neighbors complained. The facts of the crime and the background information concerning the defendant, as disclosed by the presentence report, are not controverted.

In passing sentence the trial judge commented that the defendant had a potential that could be developed by training. He expressed to the defendant the feeling that the sentence should be "long enough so that they can teach you something." We can attach no improper motives to the court's determination. The remaining query is whether "excessive, cruel or unusual punishment not proportionate to the offense has been imposed. * * *" ORS 138.050.

The philosophy of criminal justice in Oregon is that "Laws for the punishment of crime shall be founded on the principles of reformation, and not on vindictive justice." Constitution of Oregon, Article I, § 15. We cannot say affirmatively that this defendant will be reformed in less than the time afforded by the sentence. Authority exists for his release from the correctional institution short of serving the full term.

We have often said that where no improper motives can be attached to the action of the trial court we

should not modify the sentence unless it was so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Shannon,* 242 Or 404, 409 P2d 911; *State v. Harp,* 239 Or 481, 398 P2d 182 (1965); *State v. Clark,* 237 Or 596, 392 P2d 643 (1964); *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964).

We find no abuse of discretion in the sentence imposed by the trial court.

Affirmed.