Argued October 3, 1966, affirmed January 25, 1967

# WILLIAM WOODMAN HAYNES *v.* GLADDEN

422 P. 2d 679

*Lawrence Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*David H. Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, and Dan M. Dibble, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Petitioner sought post-conviction relief. The defendant warden filed a motion to dismiss on the ground that the petitioner had a direct appeal from his conviction in which he was represented by counsel and could reasonably have asserted the grounds now urged for post-conviction relief, and upon the ground, in effect, that the petition did not allege facts upon which relief could be granted. The motion was granted.

Petitioner was convicted of burglary. Through his court-appointed attorney he appealed to this court, and his conviction was affirmed. *State v. Haynes,* 233 Or 292, 377 P2d 166 (1963). At the trial defendant's shoes were offered in evidence. Upon the offer defendant's counsel made a motion to suppress upon the ground that the shoes were taken in an unconstitutional search and seizure. The trial court denied the motion upon the ground that the motion was not timely made. We affirmed upon this ground.

We observed in our opinion that the shoes had been taken from defendant on July seventh and a receipt had been given petitioner by the officer who took the shoes. The petitioner appeared in court with counsel

on August eighteenth and trial did not commence until November. At the trial it was shown that a footprint, matching that of petitioner's shoe, was found at the scene of the burglary. We stated that there was no evidence that the defendant did not have an opportunity before trial to present a motion to suppress.

In his petition for post-conviction relief petitioner alleges that the shoes were unlawfully seized, and that the state deprived him and his counsel of learning that the shoes were to be introduced into evidence "by depriving petitioner of a preliminary hearing and by returning a secret indictment."

■ In *Anderson v. Gladden*, 234 Or 614, 627, 383 P2d 986, cert den 375 US 975, 84 S Ct 485, 11 L ed2d 420 (1963), we held an accused is not entitled to a preliminary hearing before he is indicted.

■ ORS 132.320 (2) provides: "The grand jury is not bound to hear evidence for the defendant * * *." The petitioner's rights were not violated because a "secret indictment" was returned against him.

Haynes alleges that another reason why a motion to suppress the use of the shoes as evidence was not filed before trial was that he failed to tell his attorney of the seizure. He alleges his failure was because of his ignorance of the law and, therefore, his ignorance of the illegality of the seizure.

Petitioner further alleges that his attorney "failed and neglected to let petitioner testify at his trial as to why he failed to advise his counsel of the seizure of said Exhibit 7 [the shoes]."

■ These allegations do not state a cause for relief. The failure to file a timely motion to suppress is not excused as the accused had knowledge of the facts of the search and seizure and was represented by coun-

sel for a long enough period of time so that he had a reasonable time within which to communicate such facts to his counsel. *United States v. Milanovich,* 303 F2d 626 (4th Cir 1962); *United States v. Edmonds,* 100 F Supp 862 (DDC 1951), both decided under Rule 41 of the Federal Rules of Criminal Procedure, which is generally the same as the common law of Oregon.

These federal opinions do not fully articulate the basis for the decisions; however, the language used indicates the courts' belief that an accused has an obligation to tell his counsel the facts and his failure to do so will not excuse him from failing to make a timely motion.

The doctrine laid down in *Henry v. Mississippi,* 379 US 443, 85 S Ct 564, 13 L ed2d 408, rehr den 380 US 926, 13 L ed2d 813, 85 S Ct 878 (1965), in our opinion, is not involved in the present problem. In that case the accused's attorney failed to make a timely objection to evidence, either because he was ignorant of the law or he decided as a matter of trial tactics not to make an objection at the requisite time. That decision apparently holds that if the failure was because of the attorney's ignorance of the law, the accused is not bound thereby and the failure is not attributable to the accused. In the present case counsel's failure to make a timely motion was not because of the attorney's ignorance or neglect; it was because of the accused's failure to inform his attorney of the crucial facts.

■ Petitioner also alleges he was deprived of his right to a speedy trial, which is guaranteed by Art I, § 10, of the Oregon Constitution.

According to the petition, Haynes was indicted July 17, 1961. On the same date he was arraigned and

moved for a reduction in bail. Such motion was set for hearing July 25, 1961. The disposition of that motion is not in the record. The next occurrence, according to the record, was the withdrawal of defendant's motion for dismissal and entry of a plea of not guilty. This all occurred September 5, 1961. On November 24, 1961, the trial commenced. At that time petitioner moved to dismiss the indictment because he was not granted a speedy trial. This was denied. He alleges that between arrest and trial he repeatedly requested a trial but the commencement of trial was delayed "solely and exclusively [by] the fault of the District Attorney's office."

We hold that the petition does not state facts amounting to deprivation of the speedy trial guaranteed by the Oregon Constitution. Because of motions by petitioner the case was not at issue until the not-guilty plea was entered September fifth. He was tried approximately two months and 20 days thereafter. The constitution does not require speedier justice. See *State v. Vawter*, 236 Or 85, 386 P2d 915 (1963); 57 Col L Rev 845 (1957).

Affirmed.