Argued July 11, affirmed October 4, 1967

STATE OF OREGON, *Respondent, v.* IRENE
VAN KLEECK, *Appellant.*

432 P. 2d 175

*Lawrence A. Aschenbrenner,* Public Defender,
Salem, argued the cause and filed a brief for appellant.

*Marvin J. Weiser,* District Attorney, Dallas, argued
the cause and filed a brief for respondent.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

DENECKE, J.

The defendant, a 40-year-old mother, admittedly killed her three boys, aged six, four and eight months, by drowning them in a bathtub and then cutting their throats. She was charged with first-degree murder. Her defense was insanity. The jury found her guilty of second-degree murder, and the court sentenced her to 25 years in the penitentiary.

She appeals solely upon the ground that the sentence was invalid because it was in violation of the state and federal constitutional provisions prohibiting cruel and unusual punishment and the equal protection clause of the Fourteenth Amendment. She also claims it was in violation of the Eighth Amendment to the federal constitution (prohibiting cruel and unusual punishment) because the sentence was imposed as punishment for an illness.

ORS 163.020 provides that the maximum penalty for second-degree murder is 25 years. ORS 144.230 provides that no person serving a sentence in the penitentiary for second-degree murder is eligible for parole until at least seven years of the sentence have been served.

Oregon retains the M'Naghten test for legal insanity. Four psychiatrists called by the defense testified that the defendant was insane at the time the homicides were committed. Two psychiatrists called by the state testified to the contrary. All agreed that the defendant was mentally ill at the time of the acts

and all agreed she had a condition which psychiatrists term "obsessive-compulsive neurosis." This is a rather loosely defined classification of mental illness,—"a kind of neurosis, and usually it is manifested by a preoccupation with ideas, unwanted ideas, unacceptable ideas, and sometime impulsive ideas, which are not acceptable to the person. And the person does not know, sometimes, how to get rid of this. They just keep coming to the mind." In addition such a condition creates a compulsion to perform acts which the person does not want to perform. The defendant had led an exemplary life prior to this time and there was no history or intimation of mental illness.

■ We have continuously and recently stated that whether a sentence is contrary to the state constitutional prohibition of cruel and unusual punishment depends upon whether it is "so disproportionate to the offense as to shock the conscience of fair-minded men." *State v. Thornton,* 244 Or 104, 107, 416 P2d 1 (1966).

This is not such a sentence.

Three small children were intentionally killed by their mother. The triers of fact, the jury, pursuant to the standard we have adhered to, found her legally responsible for their deaths. The defendant's acts were products of a mental illness. Apparently, neither the defendant's husband nor friends had any forewarning of her condition or the tragedy it could cause.

■ Whether or not she is now mentally ill; whether she will continue to be mentally ill, if she now is; whether such mental illness may reoccur, if she is not now mentally ill; and what future conduct may be caused by continuing or recurring mental illness are not clearly known. The trial court apparently believed

that for the protection of society it was required to sentence this troubled woman to the maximum of 25 years in a penitentiary. We cannot conclude that the trial court was clearly in error in its assessment of the appropriate sentence.

Affirmed.