Argued June 6, reversed and remanded November 8, 1968,
petition for rehearing denied January 22, 1969

## STATE OF OREGON, *Respondent, v.*
## TEDDY EDWARDS, *Appellant.*

446 P. 2d 659
449 P. 2d 448

*Paul K. Davis,* Portland, argued the cause and filed
briefs for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and RODMAN, Justices.

McALLISTER, J.

The circuit court for Multnomah county found the defendant, Teddy Edwards, in contempt of court and sentenced him to six months in jail. Defendant appeals.

It appears from the record that defendant was indicted in Multnomah county of three felonies and bail was fixed at $20,000 in two cases and at $25,000 in the third. Defendant moved to have his bail reduced and on June 2, 1967, after a hearing, bail was reduced to $10,000 on each charge.

Defendant was still dissatisfied and filed a second motion for the reduction of his bail. In both applications for bail reduction and repeatedly at the hearing on the second motion the defendant told the court that he had no prior criminal record. The defendant's statements were challenged by the prosecutor who told the court that defendant had a criminal record in California under another name. At a subsequent hearing the state established to the satisfaction of the court that defendant had twice been convicted of felonies in California.

The record does not show with certainty whether any of defendant's statements concerning his prior record were made under oath or affirmation. At one point the defendant expressly declined to testify under oath when requested to do so by the court.

The court found "that defendant falsely represented to the court that he had no prior convictions," found the defendant in contempt of court and sentenced him to six months in the county jail.

The defendant does not challenge the finding of contempt and we, therefore, express no opinion about that aspect of the case.[1] In this court the defendant contends only that the sentence of six months was greater than the court could impose.

Punishment for contempt of court is limited under ORS 33.020 to a fine not exceeding $100 unless (a) "the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby," or (b) the contempt is one of those "mentioned in paragraphs (a) and (b) of subsection (1) of ORS 33.010 or in subsection (1) of ORS 1.240." The statutes just mentioned, insofar as pertinent, read as follows:

ORS 1.240:

"Every judicial officer has power:

"(1) To preserve and enforce order in his immediate presence, and in the proceedings before him, when he is performing a duty imposed upon him by statute."

ORS 33.010:

"(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:

"(a) Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.

"(b) A breach of the peace, boisterous conduct or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding."

---

[1] For a comprehensive annotation on perjury or false swearing as contempt see 89 ALR2d 1258.

■ The state argues that the six-month sentence was authorized because defendant's conduct was "disorderly, contemptuous or insolent behavior toward the judge," as proscribed by ORS 33.010 (1) (a). The contention is unsound for two reasons: (1) defendant was not found guilty of disorderly, contemptuous or insolent behavior, and (2) the record shows that defendant at all times comported himself in an orderly and respectful manner. Defendant's conduct may have constituted deceit as proscribed by ORS 33.010 (1) (d), but the record simply would not support a finding of disorderly or contemptuous behavior.

■■ If defendant was guilty of perjury or false swearing he should be prosecuted therefor. This contempt proceeding, however, cannot be used as a substitute for a criminal prosecution. Defendant has been found guilty only of false representations to the court concerning his prior record. Assuming that defendant's conduct constituted a contempt the applicable statutes clearly limit the authority of the court to the imposition of a fine not exceeding $100.

The judgment is reversed and the cause remanded for the imposition of a sentence authorized by law.

### ON PETITION FOR REHEARING

The Circuit Court for Multnomah County, Alfred T. Sulmonetti, J., found defendant to be in contempt of court and sentenced him and the defendant appealed. The Supreme Court, 446 P2d 659, reversed and remanded. On petition for rehearing, the Supreme Court, McAllister, J., held that because defendant was not found guilty of disorderly, contemptuous or insolent behavior or breach of the peace but was found guilty of deceit as proscribed by statute by falsely representing to court that he had no prior convictions, proceeding was not an appropriate case in which to decide the limit, if any, on power of legislature to restrict contempt power of circuit court.

Petition for rehearing denied.

**Contempt—False representation to court**

4. Where defendant was not found guilty of disorderly, contemptuous or insolent behavior or breach of the peace but only of deceit in falsely representing to the court that he had no prior convictions, case was not an appropriate one for Supreme Court in which to decide the limit, if any, on power of legislature to restrict contempt power of circuit court.

---

See false statement under oath as contempt.
17 Am Jur 2d, Contempt § 33.
89 ALR2d 1263.
CJS, Contempt § 124.

IN BANC

Appeal from Circuit Court, Multnomah County.

ALFRED T. SULMONETTI, Judge.

George Van Hoomissen, District Attorney, Portland, and Billy L. Williamson, Deputy District Attorney, for the petition.

No appearance contra.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PETITION FOR REHEARING DENIED.

McALLISTER, J.

In *State ex rel Oregon State Bar v. Lenske,* 243 Or 477, 405 P2d 510, 407 P2d 250, we held that "the power of a constitutionally established court to punish for contempt may be regulated within reasonable bounds by the legislature but not to the extent that the court's power is substantially impaired or destroyed." 243 Or at 495. Since that case involved the contempt power of this court—a constitutional court—we did not pass on the authority of the legislature to limit the contempt power of a legislatively created court. The respondent in a petition for rehearing

urges us to apply the same rule to the legislatively created circuit courts.

■ As we pointed out in our original opinion, the defendant was not found guilty of disorderly, contemptuous or insolent behavior or of a breach of the peace. He was found guilty only of deceit as proscribed in ORS 33.010 (1) (d) by falsely representing to the court that he had no prior convictions. We think this is not an appropriate case in which to decide the limit, if any, on the power of the legislature to restrict the contempt power of a circuit court.

The petition for rehearing is denied.