Argued September 19, affirmed November 7, 1969

STATE OF OREGON, *Respondent, v.*
DENNIS PAUL WALLEY,
*Appellant.*
460 P. 2d 370

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

FORT, J.

On February 21, 1968, the defendant was indicted for the crime of assault and battery by means of force likely to produce great bodily injury. ORS 163.255. This statute provides a maximum penalty of five years. On March 5, he appeared with counsel for arraignment. Counsel asked for a week's postponement, which was allowed. On March 12, 1968, he entered a plea of not guilty. On April 16, 1968, he withdrew his plea of not guilty and entered a plea of guilty. He was represented by the same counsel at each of his appearances. A presentence investigation was then ordered, with the consent and at the request of defendant's counsel and with the approval of defendant.

On June 4, 1968, the defendant was sentenced to five years' imprisonment. In the order of commitment, at the request of the defendant the court included a recommendation that the defendant be sent to the Oregon Correctional Institution.

Subsequently, we are informed by the brief, defendant was in fact confined in the Oregon State

---

Langtry, J., did not participate in this decision.

Penitentiary by the Oregon State Corrections Division. He appeals.

The first contention is that defendant was denied a constitutional right in that he did not have a preliminary hearing. He challenges the right of the grand jury to indict. Here no complaint had been filed, nor was the defendant arrested on this charge before the grand jury indicted him. The contention is without merit. *Haynes v. Gladden*, 245 Or 487, 422 P2d 679 (1967); *Anderson v. Gladden*, 234 Or 614, 627, 383 P2d 986, cert den 375 US 975, 84 S Ct 485, 11 L Ed 2d 420 (1963). These cases hold that an accused is not entitled to a preliminary hearing before he is indicted. The grand jury hearing is itself one which determines the existence of probable cause. ORS 132.390.

The second contention is that the sentence of five years

"* * * was rendered excessive when the Corrections Division of the Oregon State Board of Control sent him to the Oregon State Penitentiary to serve his sentence * * *."

At the time of sentence the following took place:

"THE COURT: * * *.

"It is my judgment the defendant should be sent to the Oregon State Penitentiary for a period of five years. And that will be the judgment of the Court.

"MR. GRANT: Your Honor, would it be appropriate for me to suggest perhaps he be sent to the Correctional Institution in view of his age.

"THE COURT: I would recommend that although I doubt, because of his back record and experience, whether they will accept him there, but I am willing to accept that judgment. As you

know, the Department of Correction will make that judgment. If you want, I will be willing to put in the Order it is the recommendation of the Court he be sent to the Oregon Correctional Institution.

"MR. GRANT: I am sure the defendant will appreciate that."

■■ Defendant concedes the sentence was within the statute. A sentence within the statutory limitation is valid unless it is the product of abuse of discretion, itself usually limited to improper motivation. *State v. Clark,* 237 Or 596, 392 P2d 643 (1964); *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964). No abuse of discretion has been claimed. None has been shown. The court correctly stated at the time of sentence that the Corrections Division would determine in what institution the defendant would be confined. ORS 137.124(3). There is no merit in either assignment of error.

The judgment is affirmed.