Argued October 31, affirmed November 21, 1969

ERICKSON, *Appellant, v.* REED, *Respondent.*

461 P. 2d 839

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and David H. Blunt, Assistant Attorney General, Salem.

LANGTRY, J.

This is an appeal from an order made after a hearing on the merits dismissing a petition for post-conviction relief. Erickson and Harper were jointly indicted for armed robbery in Marion County, pleaded guilty, and each received a 15-year sentence. Evidence showed they each had a total of four hearings in the circuit court over a period of seven weeks: first, for appointment of different counsel for each; second, for counsel's respective requests for examination by and appointment of psychiatrist and orders allowing the same; third, for entry of pleas after reports of psychiatrists were received indicating each was capable of aiding in his defense; and, fourth, for sentences. The four hearings for each were set on the same day and hour, respectively, as that for the other. The same trial judge presided at all hearings. Thus, the trial court was aware of what each was doing and saying about himself, the other, and the crime.

The facts of the robbery were that Harper was driving the vehicle in which the defendants were traveling. He remained outside in the car while Erickson went inside a store, armed with a 22-caliber derringer for which they had obtained ammunition the previous day. Erickson held up the storekeeper, took money, returned to the vehicle and Harper drove them away.

Each alleges "gross negligence and incompetence" against his respective counsel because, each alleges, his counsel failed to advise him prior to the guilty plea that he had a defense to the crime of armed robbery, "to wit: that the guns used in the said robbery were in fact not loaded during the course of said robbery * * *." The petitions in the post-conviction

proceedings were consolidated and heard by the same judge on the same day and he made the same ruling in each:

> "Petitioner has failed to sustain the burden of proof, both as to the allegation that the gun was in fact unloaded and to the allegation that his constitutional rights were in any way substantially denied."

Erickson testified that before his plea he had informed his court-appointed attorney that the gun was unloaded and that the attorney said he would see what he could do about it. The attorney who represented Erickson testified and said that before the plea was made the petitioner had told him that the gun was unloaded. But, he testified that in giving advice to Erickson he considered the "presumption" that a gun used in an armed robbery is loaded, and questioned whether a jury would believe the petitioner's assertion it was not loaded.[1] Asked whether this was communicated to the petitioner, he answered, "I can't remember exactly whether it was communicated at one time or in bits and pieces, but I believe the essence was * * *." This attorney also testified that there was a possibility of another, different, armed robbery charge being brought against the petitioner.

The transcript shows that this attorney called the petitioner's claim that the gun was unloaded to the attention of the court at the time of sentencing.

---

[1] "* * * [W]hen an assault with intent to rob is made by threatening the intended victim with a firearm within carrying range, the jury may infer that the weapon was loaded * * *."

It is not error if a judge describes this permitted inference as a presumption in his jury instructions. State of Oregon v. Lanegan, 192 Or 691, 703, 236 P2d 438 (1951).

After considering the evidence reviewed above, which is the major evidence in support of the trial judge's findings below, we find such findings to be valid. Petitioner had the burden of proof by a preponderance of the evidence. ORS 138.620(2). We agree that he failed to sustain it.

We do not consider the decisions in *Henry v. Mississippi*, 379 US 443, 85 S Ct 564, 13 L Ed 2d 408 (1965), and *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969), to indicate a contrary result. In the latter case at the beginning of the opinion, Mr. Justice Douglas said:

> "Trial strategy may of course make a plea of guilty seem the desirable course * * *."

He then noted that the record in that case was wholly silent on that point. In this case the record is well made and complete. It indicates two substantial reasons for the strategy that was employed: first, that the petitioner's story that the gun was unloaded would be seriously questioned and probably not believed by a jury after it had been instructed that there is an inference it was loaded; and, second, that the additional armed robbery charge was definitely a possibility. As would be expected, the record does not indicate why, but after the plea of guilty and sentencing the other charge was not brought against the petitioners. Our conclusion in this case, and *Harper* following, is in harmony with the decisions of the Oregon Supreme Court in *Dixon v. Gladden*, 250 Or 580, 444 P2d 11 (1968); *Tucker v. Gladden*, 245 Or 109, 420 P2d 625 (1966); and *Benson v. Gladden*, 242 Or 132, 407

P2d 634 (1965), cert den 384 US 908 (1966). The evidence clearly supports the trial judge's findings. *Endsley v. Cupp*, 1 Or App 169, 459 P2d 448 (1969).

The judgment of the trial court is affirmed.