Argued October 31, affirmed November 21, 1969

**HARPER**, *Appellant, v.* **CUPP**, *Respondent.*

461 P. 2d 841

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and David H. Blunt, Assistant Attorney General, Salem.

LANGTRY, J.

In most respects the fact statement in *Erickson v. Reed,* 1 Or App 251, 461 P2d 839, decided this date, is ex-

planatory of this case. However, the situation is different in this case. Harper was an accomplice, driving the escape automobile. He was not present where Erickson held the gun on the victim, as we noted in the *Erickson* opinion. From the facts known to him, we do not believe Harper's attorney had reason to question Harper about the derringer being loaded. Harper testified that he did not tell his attorney that the gun was not loaded prior to the time the guilty plea was made. Defendant had an obligation to tell his counsel the facts, and failure to do so under the circumstances of this case was at his risk. *Haynes v. Gladden*, 245 Or 487, 422 P2d 679 (1967).

This attorney testified that he discussed with Harper possible charges concerning another armed robbery and about the possibility of those charges being filed afterward if he were to plead not guilty and be acquitted. This attorney, who testified he had spent four and one-half years as a deputy district attorney before going into private practice, was emphatic in stating that the decision to plead guilty was the petitioner's after a discussion of all of the factors involved.

For reasons stated herein and in *Erickson*, supra, the judgment of the trial court is affirmed.

Affirmed.