Argued September 15, affirmed December 12, 1969

# STATE OF OREGON, *Respondent, v.*
## GALBERT, *Defendant,*
### and
# SAMUEL J. BIRDEN, *Appellant.*

462 P. 2d 452

*Dennis W. Skarstad,* Portland, argued the cause for appellant. On the briefs were Lent, York, Paulson & Bullock, Portland.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him

on the brief was George Van Hoomissen, District Attorney, Portland.

BRANCHFIELD, J.

The defendant and another man were charged with the rape of a 19-year-old girl. The jury returned verdicts of guilty against both defendants. Defendant Birden appeals. He will herein be referred to as the defendant.

Defendant claims three errors on the part of the trial court. The first was that the court "failed and refused" to allow defendant's counsel to read the presentence investigation report. The second claim was that the court erred in sentencing the defendant to five years in the penitentiary as a deterrent to others. The third claim of error is that Art. I, § 11 of the Oregon Constitution is contrary to the U. S. Constitution and void in that it does not require a unanimous jury verdict.

In answer to the first assignment of error, we find that defendant did not request the court to permit his counsel to read the pre-sentence report.

With regard to the second assignment of error, it is evident from the remarks made by the trial judge at the time of sentencing that elements of rehabilitation, punishment, deterrence to others and the protection of society were in his mind at the time he imposed sentence. He had already imposed upon the co-defendant a heavier sentence than that upon this defendant. It was within the discretion of the trial judge to sentence the defendant to a term of five years, in view of the statutory possibility of 20 years. The sentence was not disproportionate to the offense.

*Phenix v. Gladden,* 250 Or 424, 443 P2d 176 (1968);
*State v. Shannon,* 242 Or 404, 405, 409 P2d 911 (1966).

■ Whatever may eventually be the rule under the Constitution of the United States, the Constitution of Oregon permits ten of the twelve jurors to reach a verdict. *Duncan v. Louisiana,* 391 US 145, 88 S Ct 1444, 20 L Ed2d 491, reh den 392 US 947 (1968), upon which defendant relies for his third assignment of error, is not applicable to this case. In *Carcerano v. Gladden,* 392 US 631, 88 S Ct 2093, 20 L Ed2d 1308, the United States Supreme Court ruled that *Duncan* was to be given only prospective application. *Duncan* was decided May 20, 1968, while the judgment in this case was entered February 2, 1968.

The judgment is affirmed.