Argued November 17, affirmed December 18, 1969

# STATE OF OREGON, *Respondent, v.*
# CHARLES HAYS, *Appellant.*

462 P. 2d 702

*Maxwell Donnelly,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY and FORT, Judges.

LANGTRY, J.

Defendant has appealed from a conviction of escape from official detention. ORS 162.324.

In his handwritten motion for a new trial, defendant for himself said only that "The Court erred in allowing into evidence testimony of alleged other crimes." The motion was denied. Defendant's counsel has assigned as error and argued this contention, and the brief also claims as error that defendant was not granted a speedy trial, and that the 10 to 2 jury verdict was unconstitutional. *Duncan v. Louisiana,* 391 US 145, 88 S Ct 1444, 20 L Ed 2d 491 (1968).

If there was delay in bringing this case to trial, most of it was attributable to defendant. The record shows: the escape occurred on May 11, 1967, and the trial was held 10 months later. Defendant was under indictment in Multnomah County for two other offenses, and was tried and convicted of at least one of them between May 1967 and March 1968. During this time he was otherwise busy, too. He attempted another escape during which he was shot; he was found

guilty of contempt of court for deceit in concealing from the court his true identity (see *State v. Edwards*, 252 Or 325, 446 P2d 659, 449 P2d 448 (1969)); he had a change of attorneys; he gave notice of intent to plead insanity; he had a psychiatrist appointed to examine him; he had an investigator appointed to aid him, and he made numerous motions for bail reduction. Under these circumstances, a period of 10 months from offense to trial is not undue delay. See *State v. Vawter*, 236 Or 85, 92-93, 386 P2d 915 (1963).

■ Defendant pleaded insanity as a defense. In his testimony, supporting this plea and as evidence of his mental state at the time of the escape, he claimed extreme frustration because he had repeatedly sought to have bail on the charges against him reduced, but he said it was, instead, unjustifiably increased. In this connection, he testified about a warrant for arrest then existing against him on a charge from Inglewood, California, carrying $22,000 bail. He claimed this warrant was "phony," causing the bail to be too high, and during his trial he had his attorney demand that the district attorney produce the record from his files. In the state's rebuttal the district attorney did produce the record, which showed that defendant was wanted on warrants in Los Angeles County, California, on felony counts of grand theft and burglary, with bail set at $22,000. The district attorney produced another record showing that at that time there also was a warrant for defendant's arrest from Salinas, California, on a charge of prison escape, with bail set at $16,500. Defendant contends that introduction in evidence of the latter record was error.

Defendant introduced the issue at the trial when

he testified that excessive and unjustified bail caused his mental condition.

> "* * * [A]dmissibility of evidence of other offenses is, in its essence, merely a special aspect of the broad general problem of relevancy * * *." *State of Oregon v. Long,* 195 Or 81, 113, 244 P2d 1033 (1952).

The evidence about which defendant complains was relevant in assessing his defense of insanity and also his credibility.

■ The claim that the jury verdict to be valid must have been unanimous is without merit. This verdict was returned March 26, 1968. *Duncan v. Louisiana,* supra, if its doctrine is ultimately extended to require unanimous verdicts, is given prospective application only from May 20, 1968. See *State v. Birden,* 1 Or App 293, 462 P2d 452 (1969).

Affirmed.