Argued November 24, 1969, affirmed January 15, petition
for rehearing denied February 17, 1970. Petition
for review denied by Supreme Court
March 31, 1970

## STATE OF OREGON, *Respondent, v.*
## CLIFFORD L. GABIE,
*Appellant.*

463 P. 2d 595

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

FOLEY, J.

Defendant was indicted for first degree murder in the killing of his wife. He had watched his estranged wife and another man enter her apartment. When they emerged from the apartment an hour or two later he approached them, briefly scuffled with the man and then shot and killed his wife. He entered a plea of guilty to homicide and a hearing to determine the degree of homicide was held before the court without a jury under ORS 163.130. The court found the defendant guilty of manslaughter and sentenced him to imprisonment for a term not to exceed 15 years. ORS 163.080 provides:

> "Every person convicted of manslaughter shall be punished by imprisonment in the penitentiary for not more than 15 years and by a fine not exceeding $5,000."

Defendant claims the sentence given by the court is unconstitutional as founded upon "vindictive justice" because the court in discussing with counsel whether a presentence report would be useful to him said "* * * This is a type of a crime that I don't think there's much rehabilitation—where rehabilitation (sic) would be helpful * * *." Obviously from the context the court there meant to use the word "probation" instead of "rehabilitation," meaning that he did not think probation was indicated.

The hearing before the court occupied several days and from the transcript of evidence it would appear that the defendant was fortunate not to have been found guilty of a higher degree of homicide. There was evidence of defendant lying in wait, stalking, shooting the victim, his wife, four times in the back and afterwards stating he was glad he had shot her.

The court, besides fixing the maximum time of his indeterminate sentence, told the defendant at the time of sentencing that he would be under the jurisdiction of the State Board of Parole and Probation and his attitude and demeanor would play a considerable part in any earlier discharge.

> "The philosophy of criminal justice in Oregon is that 'Laws for the punishment of crime shall be founded on the principles of reformation, and not on vindictive justice.' Constitution of Oregon, Article I, § 15. We cannot say affirmatively that this defendant will be reformed in less than the time afforded by the sentence. Authority exists for his release from the correctional institution short of serving the full term.

> "We have often said that where no improper motives can be attached to the action of the trial court we should not modify the sentence unless it was so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Shannon,* 242 Or 404, 409 P2d 911; *State v. Harp,* 239 Or 481, 398 P2d 182 (1965); *State v. Clark,* 237 Or 596, 392 P2d 643 (1964); *State v. Montgomery,* 237 Or 593, 392 P2d 642 (1964)." *State v. Thornton,* 244 Or 104, 106-07, 416 P2d 1 (1966).

The above language applies here and there was no abuse of discretion. *State v. Walley,* 1 Or App 189, 460 P2d 370 (1969).

Affirmed.