Argued January 22, affirmed February 19, 1970

STATE OF OREGON, *Respondent, v.*
MARK DANIEL CHILTON, *Appellant.*

465 P. 2d 495

*James A. Pearson,* Eugene, argued the cause and filed the briefs for appellant.

*Michael E. Murphy,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Defendant pleaded guilty to the crime of illegal possession of narcotics and was given a sentence not to exceed two years' imprisonment. The sole assignment of error is that the sentence constituted excessive, cruel and unusual punishment.

The thrust of defendant's argument is that he, a college student with no previous criminal record, should have been placed on probation or given a more lenient sentence by the trial judge for this nonviolent offense. He also urges that the trial judge was unduly influenced by information volunteered by defendant to the presentence investigator and included in the investigator's report to the court that he had sold hashish to a 16-year-old boy.

The maximum permissible sentence set by the legislature for the crime charged is 10 years' imprisonment. ORS 474.990.

The two-year sentence imposed is a maximum sentence. The defendant after his delivery to the Corrections Division may be considered for earlier release by the Board of Parole and Probation under their rules and regulations. ORS 144.050.

■ Presentence reports are useful tools for sentencing courts. They assist the court in tailoring the sentence to fit the offender as well as the offense. *State v. Scott*, 237 Or 390, 399, 390 P2d 328 (1964). It is proper for the court to consider a confession or admission of another crime in imposing sentence. See Annot., 96 ALR2d 768 (1964).

■ There is nothing in the record in this case to suggest any improper motive on the part of the sentencing court.

> "We have often said that where no improper motives can be attached to the action of the trial court we should not modify the sentence unless it was so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Shannon*, 242 Or 404, 409 P2d 911; *State v. Harp*, 239 Or 481, 398 P2d 182 (1965); *State v. Clark*, 237 Or 596, 392 P2d 643 (1964); *State v. Montgomery*, 237 Or 593, 392 P2d 642 (1964)." *State v. Thornton*, 244 Or 104, 106-07, 416 P2d 1 (1966).

We find nothing to justify this court substituting its judgment for that of the trial court. *State v. Gabie*, 1 Or App 576, 463 P2d 595 (1970); *State v. Walley*, 1 Or App 189, 460 P2d 370 (1969).

Affirmed.