Argued January 21, affirmed February 19, petition for rehearing denied March 3, 1970

## DOYLE McKINLEY FRADY, *Appellant,* v. CUPP, *Respondent.*

465 P2d 485

*Edward J. Murphy, Jr.*, Portland, argued the cause for appellant. With him on the brief were Wheelock, Richardson, Niehaus, Baines & Murphy, Portland.

*Jim G. Russell*, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Petitioner was charged with second degree murder, entered a plea of guilty, and was sentenced, on October 11, 1966, to 20 years' imprisonment. He brings this petition for post-conviction relief claiming that his plea of guilty was coerced and involuntary by reason of:

(1) the district attorney's threat to prosecute for first degree murder if petitioner did not plead guilty to second degree murder; and

(2) the allegedly inaccurate advice of counsel that the defense of self-defense would not apply.

The post-conviction court found that "Petitioner's plea of guilty was not coerced, but was knowingly, understandingly and voluntarily entered."

On the first point, there was evidence from which the court could have found that the only mention of this issue by the district attorney's office was the statement by the assistant district attorney to petitioner's attorney that, " 'the way the case looks to me now, it is turning out to be a first degree murder case and this may very well be how it ends up, but at this point it is not.' " The court could have found that petitioner's attorney was aware from his own investigation, disregarding the assistant district attorney's statement, that first degree murder was a very real possibility; that his advice to petitioner and petitioner's subsequent decision to plead guilty were based on counsel's assessment of the case. "Trial strategy may of course make a plea of guilty seem the desirable course * * *." *Boykin v. Alabama,* 395 US 238, 240, 89 S Ct 1709, 23 L Ed2d

274 (1969); *Erickson v. Reed,* 1 Or App 251, 461 P2d 839 (1969).

■ On the second point, we cannot say that counsel was inaccurate when he told petitioner that self-defense would not apply. The facts concerning the killing were in dispute, and even under the view of the facts most favorable to petitioner the application of self-defense was not clear.

Petitioner's representation by counsel was competent and effective. The assignments are without merit.

Affirmed.