Argued January 23, affirmed March 26, petition for rehearing
denied April 22, 1970. Petition for review denied
by Supreme Court June 23, 1970

# STATE OF OREGON, *Respondent, v.*
# THEODORE HECKET,
## *Appellant.*

467 P2d 122

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

The defendant was convicted in a trial by jury of assault and robbery being armed with a dangerous weapon and assault with a dangerous weapon. The guilty verdict on each count was by a ten to two vote. He was given concurrent sentences of life imprisonment and 10 years and from this judgment he appeals.

His first assignment is that a unanimous verdict is required in a criminal case. This contention is without merit. *State v. Gann,* 254 Or 549, 463 P2d 570 (1969).

Second, defendant claims the court erred in ordering corrections in the transcript of defendant's trial.

Defendant filed his notice of appeal on September 16, 1968. The transcript was filed December 5, 1968. Subsequently a number of corrections were stipulated to by counsel for the parties and thereafter the state moved for an order making other corrections in the transcript. After a hearing on the motion, the trial court entered an order correcting and settling the transcript on March 28, 1969.

ORS 19.078 provides the orderly method for the certification of the transcript, correction of errors and settlement thereof. The purpose is to let the transcript correctly reflect the prior proceedings. Defendant interprets the statute to mean that the court has no jurisdiction to entertain motions to correct a transcript which motion or motions are not filed within 10 days after the filing of the transcript. Our Supreme Court has held that the trial court retains jurisdiction to correct the transcript, even until the disposition of the cause by the appellate court. *Fry v. Ashley,* 228 Or 61, 71, 363 P2d 555 (1961); *Beelman v. Beelman,* 227 Or 556, 560, 361 P2d 663, 363 P2d 561 (1961); *State ex rel United Railways Co. et al v. Ekwall,* 135 Or 439, 443, 296 P 57 (1931). This assignment is without merit.

Defendant's third assignment is based on the error which appeared in the transcript before it was properly corrected by the trial court. There is thus no error before this court on this assignment.

Fourth, defendant contends that his concurrent sentences of life imprisonment for armed robbery and 10 years for assault with a dangerous weapon constitute cruel and unusual punishment and are thus unconstitutional. The sentences are authorized by statute and the test is whether a given sentence is so dis-

proportionate to the offense as to shock the conscience of fair-minded men. *State v. Humphrey,* 253 Or 183, 452 P2d 755 (1969); *State v. Van Kleeck,* 248 Or 7, 9, 432 P2d 173 (1967); *State v. Chilton,* 1 Or App 593, 465 P2d 495 (1970); *State v. Gabie,* 1 Or App 576, 463 P2d 595 (1970). There is nothing about the sentence in this case which shocks the conscience.

Affirmed.