JOSEPH, J.
On September 23, 1974, the defendant pled guilty to a charge of criminal activity in drugs. The court suspended imposition of sentence, and he was placed on probation. Among the conditions of the probation were that he pay court costs of $200 at the rate of $10 per month commencing November 1,1974, and that he not change his place of residence without first notifying the court administrator’s office. The defendant did not make any payments. On June 9, 1975, the court ordered him to show cause why his probation should not be revoked.
When he failed to appear, the court issued a bench warrant. Early in 1977 he was arrested on that warrant in California; after being released from custody he returned to Oregon and surrendered on the warrant. Prior to the revocation hearing, he paid the $200 in full.
The court extended defendant’s probation for two additional years, transferred him to state supervised probation, added a condition that the defendant serve a year in the county jail and fined him $200. Defendant appeals, contending that there was no substantial evidence that he was in default of his reimbursement obligation at the time of the probation hearing or that he had ever been in "willful, contumacious default,” that Oregon Constitution, Art I, § 19, precludes a finding that the defendant had violated his probation by failing to pay the money obligation and that defendant was denied equal protection because "non-indigents could not be incarcerated or have their probation revoked for failure to pay their retained attorney fees.” Defendant also would have us find that the imposition of the one-year county jail condition was excessive, disproportionate and not within the acceptable goals of punishment.
By failing to pay the imposed cost by the schedule he had accepted as a condition of probation and by *[442] leaving the state without giving the required notice, he had violated his probation. He paid the money only after being apprehended on the warrant in California. The trial judge was justified in finding that his failure to pay was not based on an inability to pay. See State v. Fuller, 12 Or App 152, 504 P2d 1393, Sup Ct review denied (1973), aff’d 417 US 40, 94 S Ct 2116, 40 L Ed 2d 642 (1974). In the absence of any excuse having been shown, his leaving the state without giving the required notice speaks for itself. The revocation was proper.
The imposition of a one-year jail term was within the maximum sentence authorized for the crime originally charged: ORS 167.207; 161.605; 161.705. Defendant violated his probation in the two specified ways and the jail term (with a recommendation for work release after 90 days) does not shock the conscience. State v. Thornton, 244 Or 104, 416 P2d 1 (1966); State v. James, 3 Or App 539, 474 P2d 779, Sup Ct review denied (1970).
Affirmed.