Argued and submitted March 31, sentence vacated and remanded for resentencing; otherwise affirmed May 12, petition for review denied October 6, 1999 (329 Or 438)

## STATE OF OREGON,
*Appellant,*

*v.*

## RUSSELL THOMAS MELILLO,
*Respondent.*

### (960625BC2; CA A93228)

982 P2d 12

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Jesse WM. Barton, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

The state appeals from a judgment imposing a 38-month prison sentence for first-degree robbery. ORS 164.415(1). Despite the state's request, the trial court refused to impose the 90-month sentence mandated by Ballot Measure 11 as codified in ORS 137.700(2)(q) (1995). We reverse and remand.

The state first argues that the trial court lacked authority to impose the 38-month sentence because it had been required previously by the Supreme Court to impose the 90-month sentence. The state's argument is based on the following facts. Defendant was convicted of first-degree robbery for a crime that he committed after the effective date of Measure 11. The trial court entered its initial final judgment in this case on April 23, 1996. In May 1997, the state filed a motion in a pending mandamus proceeding relating to this case with the Oregon Supreme Court seeking to compel the trial court to enter an amended judgment that imposed the 90-month sentence in light of that court's decision in *State ex rel Huddleston v. Sawyer*, 324 Or 597, 932 P2d 1145, *cert den* ____ US ____ , 118 S Ct 557, 139 L Ed 2d 399 (1997). The Supreme Court granted that motion and issued a peremptory writ to the trial court that commanded it to impose the sentence "required by ORS 137.700."[1] On September 17, 1997, the matter came back to the trial court. At that second sentencing hearing, the prosecutor did not specifically argue that the order in the peremptory writ precluded the court from considering an as-applied challenge. She did ask the court to impose the mandatory minimum sentence and to reject defendant's as-applied challenge. The trial court then reimposed the same 38-month sentence. This appeal was taken from the resulting judgment.

■ ■ Defendant argues that, at the second sentencing hearing after issuance of the peremptory writ, the state did

[1] Under the reasoning in *State ex rel Caleb v. Beesley*, 326 Or 83, 949 P2d 724 (1997), decided November 28, 1997, and *Huddleston*, 324 Or at 614, decided February 21, 1997, the trial court was required to impose the minimum sentence mandated by Measure 11 unless the sentence constituted cruel and unusual punishment in violation of Article I, section 16, of the Oregon Constitution, as applied to defendant.

not question the authority of the trial court not to impose the 90-month minimum sentence on the ground that it would be unconstitutional under section 16. Therefore, according to defendant, the state has not preserved the argument that the trial court was compelled by the peremptory writ to impose the mandatory sentence without considering an as-applied challenge. We agree that the state has not preserved below the issue that the trial court lacked authority under the writ to consider an as-applied challenge.[2] ORAP 5.45(2).

■ The next issue is whether a 90-month minimum sentence violates section 16. A sentence is unconstitutionally disproportionate to the offense and to a defendant if it "shock[s] the moral sense of all reasonable persons as to what is right and proper." *State v. Isom,* 313 Or 391, 401, 837 P2d 491 (1992) (citing *Cannon v. Gladden,* 203 Or 629, 632, 281 P2d 233 (1955). *Accord State v. Silverman,* 159 Or App 524, 977 P2d 1186 (1999). Defendant argues that the appropriate test under section 16 is whether the sentence is so disproportionate to the offense as "to shock the conscience of *fair-minded [persons]*" (emphasis defendant's), relying on language from *State v. Thornton,* 244 Or 104, 416 P2d 1 (1966), and that that test could be satisfied here because his trial and appellate counsel and the trial judge, all fair-minded persons, are shocked by the mandatory minimum sentence. Finally, he argues that, because the state relied below on the articulation of the test in *Thornton,* it should be held to that test on appeal.

In *Cannon,* the court articulated the "all reasonable persons" standard. *Cannon* was decided in 1955. The court in *Cannon* relied on a statement of the test from *Sustar v. County Court for Marion Co.,* 101 Or 657, 665, 201 P 445 (1921), which the *Sustar* court said that it derived from *Weems v. United States,* 217 US 349, 30 S Ct 544, 54 L Ed 793 (1910). *See also State v. Ferman-Velasco,* 157 Or App 415,

---

[2] The state urges us to consider the unpreserved error as "plain error" under ORAP 5.45(2). It views the order in the peremptory writ as being unambiguous. In light of the reference to *Huddleston* in the Order Allowing Petition for Peremptory Writ of Mandamus, we are not persuaded that the order in the peremptory writ unambiguously directs the trial court not to entertain an as-applied challenge. Therefore, we exercise our discretion not to review this issue.

430, 971 P2d 897 (1998) (Warren, J., dissenting). The "fair-minded [persons]" test stated in *Thornton* appears to originate in *State v. Montgomery*, 237 Or 593, 392 P2d 642 (1964). The *Montgomery* opinion interpreted the phrase "cruel and unusual punishment" within the context of ORS 138.050 without further citations. We find no support for the argument that the *Montgomery* court intended to create a different test from that stated in *Cannon*.

■      Here, defendant argues that the 90-month minimum sentence violates section 16 because he is only 21 years old, his prior criminal record consists of only a Class A misdemeanor, he cooperated fully with the police after he was arrested, including admitting to various burglaries that the police previously had not been able to solve, and his involvement in this case was limited to being the "wheel man" for his armed codefendant. However, it is apparent that he was not a youthful one-time offender, nor was he involved in a victimless crime. Defendant has proffered no circumstance such as diminished responsibility that would mitigate the criminality of his conduct. He helped to commit a crime that involved the use of a gun and that was fraught with the potential for causing fear in the victim and promoting violence. *See State v. Bowman*, 160 Or App 8, 980 P2d 1164 (1999) (holding that imposition of a 70-month sentence for second-degree robbery was not constitutionally disproportionate under section 16 where the defendant accosted the victims at night, displayed knives and demanded their property). We conclude that a 90-month mandatory sentence under the circumstances of this case does not shock the moral sense of all reasonable people as to what is right and proper.[3]

---

[3] The prohibition against "cruel and unusual punishment" has undergone a number of different formulations depending on the context of its application both before and after its incorporation into the federal and state constitutions. *Harmelin v. Michigan*, 501 US 957, 111 S Ct 2680, 115 L Ed 2d 836 (1991). Nonetheless, Justice Scalia makes an instructive point regarding the argument that the imposition of a mandatory sentence without consideration of mitigating factors, such as no prior felony convictions, violates the Eighth Amendment. He writes that

"[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history. * * * They were also common in the several States—both at the time of the founding and throughout the 19th century. There can be no serious contention, then, that a sentence which is not otherwise cruel and unusual becomes so simply because it is 'mandatory.' " *Id.* at 994-95 (citations omitted).

Sentence vacated and remanded for resentencing; otherwise affirmed.