Argued April 4, affirmed June 19, 1968

STATE OF OREGON, *Respondent, v.*
WILLIAM ANTHONY SKERL,
*Appellant.*
442 P2d 610

*Jack E. Collier,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for respondent.

With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

PERRY, C. J.

The defendant William Anthony Skerl was indicted for assault with intent to kill. He waived trial by jury and the trial court found him guilty as charged. Defendant appeals.

Defendant's sole assignment of error is that the trial court erred in admitting into evidence the opinion of Dr. Ivor Campbell, a psychiatrist, as to the sanity of the defendant.

The undisputed facts disclose that defendant's wife had attempted suicide, was taken into custody and a hearing had as to her sanity. Dr. Campbell was one of the doctors at this hearing. Defendant was present and a verbal altercation took place between defendant and the mother of defendant's wife. As a result of this quarrel, Dr. Campbell ordered the defendant from the hearing room and with some reluctance he left. Shortly thereafter, while defendant and the mother-in-law were in an adjoining room, defendant stabbed her, and Dr. Campbell was called.

Dr. Campbell testified as to the altercation at the hearing and his observation of the defendant immediately after the stabbing. On rebuttal he was called as a witness for the state as to defendant's sanity.

Defendant's contention is that since the doctor made no formal examination of the defendant he cannot express an opinion as an expert, and that since he was not an "intimate acquaintance" of de-

fendant he was barred from expressing an opinion as a lay person. ORS 41.900 (10). Therefore, defendant argues, the trial court erred in permitting the doctor to express an opinion as to the temporary sanity or insanity of defendant at the time of the occurrence.

■ While a lay person who is not an intimate acquaintance may only detail what occurred and the triers of fact then draw a conclusion, the defendant admitted the qualifications of the doctor to state an opinion as to human mental condition. His objection then goes only to the question of whether or not the doctor's observations at the time, without obtaining defendant's prior history and talking with him, would be sufficient to permit him to express an opinion as an expert.

■ The defendant admits the qualifications of Dr. Campbell as a psychiatrist. Therefore, since the doctor was a qualified psychiatrist and had an opportunity to observe the defendant both before and immediately following the attack, we are of the opinion he was sufficiently informed to be qualified to express an expert opinion. The question of the weight to be given such an opinion was a matter for the trier of fact.

The judgment is affirmed.