Argued September 22, affirmed October 2, petition for rehearing denied October 29, petition for review denied December 15, 1970

## STATE OF OREGON, *Respondent, v.*
## THOMAS LUTHER JAMES, *Appellant.*

474 P2d 779

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

Defendant plead guilty to illegal possession of

heroin in violation of ORS 474.020 and was sentenced to serve a term of not to exceed 10 years in prison which is the maximum sentence provided for violation of the statute involved. On appeal he contends that the 10-year sentence constituted cruel and unusual punishment. He says his possession was occasioned by his addiction and that, therefore, he should be given treatment rather than imprisonment. Defendant admittedly had a lengthy record of prior convictions which, rightly or wrongly, he attributed to the necessity of stealing to support his addiction.

The defendant places much stress on *Robinson v. California*, 370 US 660, 82 S Ct 1417, 8 L Ed 2d 758 (1962), in which the United States Supreme Court held it was unconstitutional to make addiction in itself a crime. *Robinson* is not controlling here, because the crime of which defendant stands convicted is not the "status crime" of being a narcotics addict, but the crime of unlawful possession of heroin.

██ The sentence imposed in the defendant's case is authorized by statute and the standard by which this court reviews a statutorily authorized sentence is whether it is so disproportionate to the offense as to shock the conscience of fair-minded men. *State v. Hecket,* 2 Or App 273, 467 P2d 122 Sup Ct *review denied* (1970); *State v. Humphrey,* 253 Or 183, 452 P2d 755 (1969). There is nothing about the sentence in this case which shocks the conscience.

Defendant's argument that he should be given treatment rather than incarceration for his addiction is more properly addressed to the other branches of government. Cf. *State v. Fraley,* 2 Or App 238, 467 P2d 683 (1970).

Affirmed.