Argued November 20, on the record, affirmed December 10, 1970

STATE OF OREGON, *Respondent, v.*
TERRY GEORGE JONES, *Appellant.*

477 P2d 914

Allan H. Coons and Coons & Malagon, Eugene, for appellant.

Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and J. Bradford Shiley, Jr., Special Assistant to Attorney General, for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

PER CURIAM.

Defendant was charged in a single indictment with the crime of Unarmed Robbery (ORS 163.290) in Count I and Aggravated Assault and Battery (ORS 163.255) in Count II. He entered a plea of guilty to each count, and was sentenced to a term of 15 years' imprisonment on Count I and a consecutive term of five years on Count II.

He appeals on the ground that the sentence imposed was excessive and that it constitutes cruel and unusual punishment. We note that ORS 163.290 authorizes a sentence of up to 15 years and ORS 163.255 authorizes a sentence of up to five years.

Whether the trial court imposes two sentences on separate indictments or on separate counts of a single indictment, it has the power to direct that one sentence be served consecutively to the other. *State v. Andrews,* 2 Or App 595, 469 P2d 802 (1970); Sup Ct *review denied; State v. Jones,* 250 Or 59, 440 P2d 371 (1968).

Since the sentences imposed here were authorized in each instance by the statute, there remains only to consider whether either, viewed separately or together, "shock[s] the conscience of fair-minded men."

*State v. James,* 3 Or App 539, 474 P2d 779, Sup Ct *review denied* (1970).

■ Before the imposition of sentence, the trial court conducted a lengthy hearing in which the prior unlawful activities of the defendant were detailed at great length, including the recitation of a large number of felonies and a recent felony incarceration from which he was then on parole. The court then heard testimony concerning the charges here involved.

The defendant himself, on his own volition, took the stand and, under examination by his attorney, related the circumstances of both offenses charged. At that time, he denied none of the other offenses related to the court in his presence, including a large number of burglaries for which the defendant had not yet been charged. Not only was the defendant on parole for a prior conviction, he was also on probation for two others. The 33-page transcript of the sentencing procedures reveals both a careful and conscientious inquiry by the court into the life style of the defendant, and its full consideration of the details of the two offenses, the oral testimony and the written affidavits offered by and on behalf of the defendant, and the carefully considered remarks of both counsel.

We have detailed the steps here taken by the court not to imply any change in the nature and scope of our review under ORS 138.050 from the standards previously announced,[1] but simply to show how utterly without merit is his claim that the sentences were excessive, cruel or unusual, or that their imposition was arbitrary.

Defendant seeks to raise here for the first time

---

[1] State v. Hecket, 2 Or App 273, 467 P2d 122 (1970); Sup Ct *review denied;* State v. Humphrey, 253 Or 183, 452 P2d 755 (1969).

the contention that because the two offenses charged arose out of the same act and transaction, a merger of the two resulted and that he therefore cannot be sentenced for a period greater than the longest term permitted for the greater offense.

In *State v. Kennedy*, 250 Or 422, 443 P2d 226 (1968), the court said:

> "Defendant contends that he cannot be charged with the separate crimes of larceny, burglary and concealing stolen property because each of the crimes charged arose out of the same act and transaction.
>
> "Under the circumstances of the present case, which we shall not recite, there is no merit to defendant's contention. Even if there were, defendant failed to except to the court's instruction or otherwise raise the objections he now presents on appeal." 250 Or at 423.

■ Here, too, the circumstances of the present case, which we find it unnecessary to recite, not only make the contention inapplicable, but the failure of the defendant to raise this contention in the trial court, when combined with his plea of guilty to both charges, makes the contention unavailable in this court.

The judgment is affirmed.