Argued May 16, affirmed May 26, 1972

STATE OF OREGON, *Respondent, v.* JOHN
TRAVIS HOUCK (No. 100320), *Appellant.*

497 P2d 683

*Gary D. Babcock,* Public Defender, Salem, argued
the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General,
Salem, argued the cause for respondent. With him on
the brief were Lee Johnson, Attorney General, and
John W. Osburn, Solicitor General, Salem.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

PER CURIAM.

Defendant appeals from an eight-year sentence of imprisonment which followed a plea of guilty to illegal sale of a dangerous drug. Former ORS 475.100. The maximum sentence to which the defendant could have been subjected was 10 years. He petitioned for probation, asserting that he has had a change of attitude and that no purpose would be served by his incarceration. The sentencing court considered a presentence report which we do not have before us. However, the record before us shows that defendant is now serving a two-year, six-month federal sentence for smuggling narcotics and that he has had other difficulties with the law. He was admitted to bail after an arrest on this charge and then failed to appear as ordered. His bail was forfeited and the court refused an order for remission of the forfeiture which was sought by the bail bondsman.

It appears that defendant's offense involved sale of narcotics and that he has had other involvement with narcotics. Under all of these circumstances, we cannot agree with defendant that the sentence imposed by the trial court was cruel and unusual, which is what we would have to hold under the Oregon Constitution if we were to reduce the sentence. Oregon Constitution, Art I, § 15. ORS 138.050 provides that if the punishment is excessive, unusual or cruel the appellate court shall direct the proper punishment. In *State v. Chilton*, 1 Or App 593, 465 P2d 495 (1970), we said that if the sentence is not so disproportionate as to shock the conscience of fair-minded men, we will

not disturb it. We do not find such circumstances here. If the defendant has indeed changed his attitude and there is reason why he should not be incarcerated for the term of his sentence the matter may properly be considered by the parole board.

Affirmed.