Argued November 28, 1972, affirmed January 5, petition
for rehearing denied January 31, petition for
review denied April 10, 1973

STATE OF OREGON, *Respondent, v.* GLENARD
WRIGHT SIENS (Nos. 72-717-C and 72-718-C),
*Appellant.*

504 P2d 1056

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction upon each of two indictments, tried together, charging him with two murders under ORS 163.115.

The defendant and both defense counsel filed a written stipulation in which it was admitted that the

defendant killed each of the victims. The defendant gave written notice before trial that he intended to present evidence of a mental disease or defect precluding him from conforming his conduct to the requirements of law (ORS 161.295-161.309)[1] and further that he intended to introduce evidence that at the time of the crimes he was under the influence of "extreme emotional disturbance" not the result of an intentional, knowing, reckless or criminally negligent act and for which there is a reasonable explanation. ORS 163.125.[2]

■ Defendant asserts that the state offered *no evidence* to disprove that he was under "extreme emotional disturbance" and that therefore murder should not have been submitted to the jury. We test the evidence in the light most favorable to the state and

---

[1] ORS 161.295 provides:

"(1) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

"(2) As used in chapter 743, Oregon Laws 1971, the terms 'mental disease or defect' do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct."

[2] ORS 163.125 provides:

"(1) Criminal homicide constitutes manslaughter when:

"(a) It is committed recklessly; or

"(b) A homicide which would otherwise be murder is committed under the influence of extreme emotional disturbance, which disturbance is not the result of his own intentional, knowing, reckless or criminally negligent act, and for which disturbance there is a reasonable explanation; or

"(c) A person intentionally causes or aids another person to commit suicide.

"(2) For the purposes of paragraph (b) of subsection (1) of this section, the reasonableness of the explanation for the disturbance shall be determined from the standpoint of an ordinary person in the actor's situation under the circumstances as the actor reasonably believes them to be.

"(3) Manslaughter is a Class B felony."

consider all of the evidence. *State v. Shipman*, 2 Or App 359, 468 P2d 921 (1970); *State v. Gardner*, 231 Or 193, 372 P2d 783 (1962).

The defendant produced evidence from medical witnesses in support of his first defense of mental disease or defect. The state countered with the testimony of Dr. Suckow with reference to the same defense. During Dr. Suckow's testimony the term "extreme emotional disturbance" was not used. However, he did testify:

"Q [By defense counsel] So you pretty well correlate disorder and disease and also defect, then, as synonymous?

"A As I use them.

"Q Would it be correct for me to assume that the Defendant was not acting appropriately to the situation on May 2 at the White residence?

"A I would certainly agree with that.

"* * * * *

"Q He was exercising, then, in your judgment, very poor judgment about that situation?

"A Yes.

"Q In other words, he was not able to adapt to the circumstances and back off from it?

"A I wouldn't agree that he wasn't able. I would agree that he did not."

■ After all evidence was in, defendant's counsel moved for removal of the charge of murder from consideration by the jury because the state had failed to prove beyond a reasonable doubt that the defendant was not suffering at the time of the crimes from extreme emotional disturbance which was not the result of an intentional, knowing, reckless or criminally negligent act and for which "there is a reasonable explana-

tion." Counsel argued that Dr. Suckow had failed to negative extreme emotional disturbance and that no other witness for the state had accomplished that result. In denying the motion the trial judge said:

"I think that the Legislature intended that there be expert testimony on emotional disturbance, because under 163.135 they require that the Defendant give notice of the intent to introduce testimony regarding emotional disturbance and then provides that the State has a right to have an expert witness examine the Defendant under those circumstances.

"However, I will deny the motions at this time. I do not know why Mr. Smith [the prosecutor] didn't ask Dr. Suckow whether Mr. Siens was suffering under extreme emotional disturbance at the time of the commission of these offenses."

ORS 161.055 provides:

"(1) When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt.

"(2) When a defense, declared to be an 'affirmative defense' by chapter 743, Oregon Laws 1971, is raised at a trial, the defendant has the burden of proving the defense by a preponderance of the evidence.

"* * * * *."

Subsection (3) of the above statute provides that the defendant may raise a "defense" by the method used in this case. ORS 161.305 provides that a defense of mental disease or defect raised under ORS 161.295 or ORS 161.300 is an "affirmative defense." There is no provision saying that the defense of "extreme emotional disturbance" under ORS 163.125 is an affirmative defense. Therefore, under what we have quoted

above from ORS 161.055, it is a "defense" and the state has the burden of disproving it beyond a reasonable doubt. This is why, as we noted in the third paragraph of this opinion, the defendant asserts that murder should not have been submitted—that is, since the state had not disproven "extreme emotional disturbance," that defense had been established, and that manslaughter was the only class of homicide that could be submitted.

■ We agree with the trial judge that the state of the record would have been more satisfactory for submission of the case to the jury if the state's expert witness had been questioned on the specifically designated subject of "extreme emotional disturbance." We also agree that inasmuch as ORS 163.135 requires notice before trial of intent by defendant to introduce expert testimony as to "extreme emotional disturbance" the legislature contemplated that such evidence might be used in appropriate cases. This does not mean that the only evidence that may be considered in this regard is expert evidence, or that expert evidence is indispensable. A jury is not bound to find in conformity with the testimony of any number of witnesses which does not produce conviction, as against other evidence which does satisfy it. ORS 17.250 (2). So, if there is expert evidence which the jury finds does not carry conviction over other evidence in the case, it may make its factual determinations based upon the latter.

■ The questions and answers which we have set out verbatim above, with the other testimony of Dr. Suckow, although of minimal effect with reference to "extreme emotional disturbance," could be sufficient from which inferences could be drawn by the jury

concerning this subject even though the specific words used in the statute were not incorporated in the questions or answers. Dr. Suckow's testimony could also have been assessed by the jury in light of other evidence bearing upon defendant's emotional condition at and near the time of the homicides.

There was testimony from the defendant's wife that the defendant was "Pretty much" in control of his faculties immediately after the murders and from an officer who arrived in response to a phone call instigated by the defendant immediately afterwards indicating that the defendant was thinking clearly and rationally. The evidence showed that the defendant cleaned his rifle, loaded it, tested it, placed it in a truck in which he drove some considerable distance, left the rifle in the cab of the truck while he got out and talked with the victims, and upon receiving responses which angered him reached into the cab, got the rifle, and started shooting. We think that not only does this evidence support an inference of the element of intention in the definition of murder under ORS 163.115, but it can reasonably support an inference which excludes "extreme emotional disturbance" as that term is limited in ORS 163.125.

This appeal is one of the first involving homicide[®] under the new Oregon Criminal Code, Oregon Laws 1971, ch 743. The new code does not change the law expressed in *State v. Sands,* 10 Or App 438, 440, 499 P2d 821, Sup Ct *review denied* (1972), in which we said:

> "* * * The trier of fact is not bound to accept the opinion of any expert. *See, State v. Skerl,* 250 Or 346, 442 P2d 610 (1968).

---

[®] *See* State v. O'Berry, 11 Or App 552, 503 P2d 505 (1972).

> "Looking then to the whole record, including the evidence introduced and the reasonable inferences that can be drawn therefrom, while it is a close question, we conclude reasonable men could differ on defendant's mental state, and therefore the question was properly for the trier of fact * * *."

Under the new criminal code in a situation like that at bar the state has the burden of proving beyond a reasonable doubt that the defendant was not under an extreme emotional disturbance as defined in ORS 163.125. The jury was fully instructed on that subject. The court included in those instructions all pertinent language in ORS 163.125 and the other statutes which we have noted above. We find no error in the record.

Affirmed.