Argued November 30, 1972, remanded January 5, petition
for rehearing denied March 2, 1973

## STATE OF OREGON, *Respondent, v.*
## ALMARS ELKSNIS (No. 72-2007),
### *Appellant.*
#### 504 P2d 1070

*Michael V. Phillips,* Eugene, argued the cause for
appellant. With him on the brief were Hammons &
Phillips, Eugene.

*John Osburn,* Solicitor General, Salem, argued the
cause for respondent. With him on the brief was Lee
Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Defendant was sentenced to one year in the Lane County jail on his guilty plea to criminal assault under former ORS 163.260. He appeals, asserting three assignments of error.

██ In one of his assignments he claims that the information against him fails to state a crime and in another that the court abused its discretion in sentencing him to one year in the county jail. The claim that the information fails to state a crime cannot be asserted on appeal from a judgment based on a plea of guilty. ORS 138.050; *State v. Kabachenko,* 2 Or App 202, 465 P2d 891, Sup Ct *review denied* (1970). A sentence of one year in the county jail, although the maximum, is within the discretion of the sentencing court, absent any claim of improper motive on the part of the sentencing court, and no such claim is made here. *State v. James,* 3 Or App 539, 474 P2d 779, Sup Ct *review denied* (1970).

In his other assignment defendant claims the court should have ordered credit to be given to him against his sentence for time previously spent in the county jail (which he claimed to be 84 days), and the court having failed to do so, that he was, in effect, sentenced to more than the maximum.

█ Both counsel for defendant and counsel for the state seem to concede that there is no statute which provides for credit on a misdemeanor sentence for time of incarceration arising out of the same charge

prior to sentence therefor. We disagree. ORS 137.390 provides:

"The commencement and termination of a sentence of imprisonment in the county jail is to be ascertained by the rule prescribed in ORS 137.370, and the manner of such confinement and the treatment of persons so sentenced shall be governed by whatever law may be in force prescribing the discipline of county jails."

ORS 137.370 provides, in part:

"* * * * *

"(2) The time that a person sentenced to imprisonment in the penitentiary or the correctional institution is confined after arrest and prior to his delivery thereat is considered part of his sentence actually served in the penitentiary or the correctional institution. * * *

"* * * * *."

We read the above statutes to provide that a defendant is entitled to credit for time served prior to sentencing on a misdemeanor charge.

Since it is not possible to compute from the record what credit the defendant is entitled to in this case, we remand for the computation and allowance of credit for time served under the charge prior to sentencing.

Remanded for proceedings consistent with this opinion.