Submitted on appellant's brief July 16, affirmed July 30, 1973

STATE OF OREGON, *Respondent, v.*
GEORGE VAN DOLAH (No. 7817), *Appellant.*

512 P2d 1013

Mari W. Privette, Harbor, for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and
Thornton, Judges.

SCHWAB, C. J.

Defendant was convicted in a non-jury trial of
third-degree rape. ORS 163.355. His two assignments
of error present a single question: Was it error for
the trial court to permit lay witnesses to express
opinions concerning defendant's sanity?

The sole defense was insanity. During defendant's case, one expert medical witness testified that defendant was insane, i.e., that defendant lacked "substantial capacity * * * to conform his conduct to the requirements of law" within the meaning of ORS 161.-295. In rebuttal, the state called five witnesses who had been co-workers with and friends of defendant for periods of two to six years. Over objection, all of them testified that, based on their experiences with and observations of defendant, he did not lack substantial capacity to conform his conduct to the requirements of law. The trial court found "the sum of * * * [the] lay testimony * * * to be more convincing than that of the psychiatrist."

Defendant cites cases from other jurisdictions that hold lay witnesses are not competent to express opinions concerning another person's sanity. In Oregon, by statute, the rule is to the contrary.

"Evidence may be given of the following facts:
"* * * * *
"* * * the opinion of an intimate acquaintance respecting the mental sanity of a person, the reason for the opinion being given." ORS 41.900 (10).

This statute has repeatedly been held to permit lay witnesses who are intimately acquainted with a criminal defendant to express opinions concerning the defendant's sanity. *State v. Skerl,* 250 Or 346, 442 P2d 610 (1968); *State of Oregon v. Garver,* 190 Or 291, 225 P2d 771, 27 ALR2d 105 (1950); *State v. Grayson,* 126 Or 560, 270 P 404 (1928); *State v. Peare,* 113 Or 441, 233 P 256 (1925); *State v. Hassing,* 60 Or 81, 118 P 195 (1911); *State v. Fiester,* 32 Or 254, 50 P 561 (1897); *State v. Hansen,* 25 Or 391, 35 P 976, 36 P 296 (1894); *State of Oregon v. Murray,* 11 Or 413, 5 P 55 (1884).

Defendant makes no claim that the state's five rebuttal witnesses were not sufficiently intimately acquainted with him to be able to express opinions concerning his sanity, or that they did not sufficiently state the reasons for their opinions.

Affirmed.