Argued November 18, affirmed December 9, 1974

STATE OF OREGON, *Respondent, v.* RICHARD OLIVER KLENK (No. 34453), *Appellant.*

528 P2d 1092

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Defendant pleaded guilty to a charge of robbery in the first degree, which is a Class A felony. ORS 164.415. The maximum term of an indeterminate sentence of imprisonment for a Class A felony is 20 years. ORS 161.605. In the present case, the circuit court sentenced defendant to imprisonment for an indeterminate period of time, the maximum period of which was fixed at 30 years, pursuant to the dangerous offender statute. ORS 161.725, 161.735. Defendant appeals, asserting that the trial court had insufficient evidence before it to conclude that defendant was a dangerous offender and that as a consequence the sentence of a maximum of 30 years' imprisonment was excessive as being greater than that punishment recognized by law under ORS 164.415 for the offense of robbery in the first degree.[1]

_____

[1] Since defendant pleaded guilty, our scope of review on appeal is limited to the question of whether excessive, cruel or unusual punishment has been imposed. ORS 138.050. If there was sufficient evidence for the trial court to find that defendant was a dangerous offender under the applicable statutes, a sentence up to the maximum imposed as a consequence of that finding would be a matter within the discretion of the trial court. *See, e.g.,*

The pertinent provisions of the statutes read as follows:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"* * * * *." ORS 161.725.

"(1) Whenever, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and a psychiatric examination. * * *

"* * * * *

"(3) * * * The psychiatrist shall file with the court a written report of his findings and conclusions, including an evaluation of whether the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"* * * * *

"(6) If, after considering the presentence report, the psychiatric report and the evidence in the case or on the presentence hearing, the court finds that the defendant comes within ORS 161.725, the court may sentence the defendant as a dangerous offender.

"* * * * *." ORS 161.735.

---

State v. Elksnis, 12 Or App 342, 504 P2d 1070 (1973); State v. Van Valkenberg, 10 Or App 51, 498 P2d 797 (1972); State v. Houck, 9 Or App 441, 497 P2d 683 (1972).

In the present case a presentence report and a psychiatric investigation were ordered pursuant to the provisions of ORS 161.735. The defendant and the district attorney waived a hearing on the psychiatric report. The examining psychiatrist made, *inter alia,* the following observations:

"It is my clinical opinion that Mr. Richard Oliver Klenk appears to display clinical signs and symptoms of a personality disorder best characterized as antisocial personality. * * * The prognosis is guarded and the likelihood of his acting out in an antisocial manner in the future is great. * * * I do not believe he would be able to handle himself if placed on parole and pursue gainful employment at this time."

■ It is true that the examining psychiatrist's diagnosis as such was not framed in the legal terminology of the statute, as the defendant asserts. It is also true that the psychiatric report did not define defendant's disorder as being severe nor did it include in the words of the statute a statement that defendant's personality disorder would create a propensity for defendant to commit criminal acts. However, the findings of the examining psychiatrist tended to support such a conclusion; additionally, the psychiatrist's evaluation and conclusions are not binding upon the judge under the provisions of ORS 161.725 and 161.735. The court is free to make its own determination as to the dangerousness after reviewing the psychiatric evidence, the presentence report and other evidence properly available to it. *See, e.g., State v. Skerl,* 250 Or 346, 442 P2d 610 (1968); *State v. Siens,* 12 Or App 97, 504 P2d 1056, Sup Ct *review denied* (1973); *State v. Sands,* 10 Or App 438, 499 P2d 821, Sup Ct *review denied* (1972).

■ The presentence report indicated that the defendant had a criminal record dating back to 1960. The

criminal record portion of the presentence report described a 14-year period in which defendant had been confined for various criminal offenses, during the latter part of which period he had been confined as the result of convictions for escape, battery on a peace officer and a sex-related offense. The present offense involved an armed robbery in which the defendant was armed with a 16-gauge shotgun. Defendant had not yet been out of jail 60 days by the time he committed the crime to which he pleaded guilty. At the time of sentencing defendant informed the court that he had been out of jail approximately 22 months during the last 14 years.

Based upon the evidence before the court, including the plea of guilty to the armed robbery, the presentence report and the psychiatric examinations, we conclude there was sufficient evidence for the court to find that defendant was suffering from a severe personality disorder indicating a propensity toward criminal activity, and that because of the dangerousness of the defendant an extended period of custody was required for the protection of the public. Since the defendant was being sentenced for a Class A felony, the trial court acted within its discretion in applying the provisions of ORS 161.725 and 161.735. The decision of the trial court is affirmed.

Affirmed.