Argued January 27, affirmed February 17, reconsideration denied
March 17, petition for review denied April 13, 1976

STATE OF OREGON, *Respondent,*

*v.*

TERRENCE E. McCORMICK, *Appellant.*

(No. 45501, CA 5095)

545 P2d 908

*R. W. Kitson* and *David C. Bond,* Portland, argued the cause and filed the brief for appellant.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant pled guilty to manslaughter. ORS 163.125. He made three assignments of error on appeal, but at oral argument expressly abandoned his third assignment which dealt with the manner of making the record of the credit to which he was entitled under ORS 137.320 for time served in jail prior to his delivery at the Corrections Division.

His second assignment of error is that the sentence to five years' imprisonment imposed by the court was so disproportionate as to shock the conscience of fair-minded men. In considering the sentence to be imposed the court weighed the facts of the unlawful killing against the mitigating circumstances. The sentence imposed was not cruel, unusual or shocking to the conscience. *Cf., State v. James,* 3 Or App 539, 474 P2d 779, Sup Ct *review denied* (1970). The defendant also appears to be arguing in support of this assignment that he pleaded guilty because he had a meritorious defense. Suffice it to say that the validity of the guilty plea is not challenged here and therefore if there is any basis for attacking it such will have to take place in some other proceeding.

The remaining assignment of error contends that the sentencing order was improper, because it did not include an adjudication of defendant's guilt. Defendant was first charged with murder. Apparently as a result of discussion among counsel, the charge was reduced to manslaughter.

On July 31, 1975, the trial court entered an order reciting that the defendant, appearing with counsel, did freely, voluntarily and understandingly plead guilty to the charge of manslaughter and that the court accepted the plea, held a hearing in mitigation and aggravation of sentence and thereafter continued the hearing pending the report of a pre-sentence investigation which the court ordered. In due course the court entered the sentencing order which recited that

it had considered the pre-sentence report and stated further:

"* * * [S]aid defendant having heretofore on July 10, 1975, entered a plea of Guilty to the crime of Manslaughter * * *

"NOW, THEREFORE, IT IS HEREBY ORDERED that said defendant shall be and he is hereby sentenced to imprisonment, without limitation of time, for a period of five (5) years * * *."

There are no Oregon cases addressing the precise question of whether the judgment must include an express adjudication of guilt. However, 24 CJS 395 Criminal Law § 1563(1), contains a general discussion of the law in this area. It states:

"In the absence of a contrary statute, where accused enters a plea of guilty or of nolo contendere, it is the right and duty of the court to pronounce sentence as on a verdict, and ordinarily no evidence or independent adjudication of guilt is required * * *."

The encyclopedia article elaborates slightly by stating:

"Before pronouncing sentence on a plea of guilty, the court should * * * know the facts on which it is founded, and should see that it is made by a person of competent intelligence, freely and voluntarily, and with a full understanding of its nature and effect; but the rule * * * does not require that the record show in what particular manner the judge may have proceeded to satisfy himself that the prisoner acted knowingly and freely * * *." 24 CJS 400 Criminal Law, § 1563(1).

The only relevant Oregon statute is ORS 135.395 which provides:

"After accepting a plea of guilty or no contest, the court shall not enter a judgment without making such inquiry as may satisfy the court that there is a factual basis for the plea."

There is no contention that the statute was not followed. The record discloses that the court adequately performed its required duties in connection with receiving the plea of guilty.

Affirmed.