Argued March 24, affirmed April 11, 1977

In the Matter of the Marriage of
MACY, *Respondent,*
*and*
MACY, *Appellant.*
(No. 20455, CA 7169)

562 P2d 573

Dennis C. Karnopp, Bend, argued the cause for appellant. With him on the brief was Panner, Johnson, Marceau, Karnopp & Kennedy, Bend.

Max Merrill, Bend, argued the cause for respondent. With him on the brief was Merrill & O'Sullivan, Bend.

Before Thornton, Presiding Judge, and Tanzer and Johnson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

The father appeals from a decree of dissolution of marriage between the parties, contending that the trial court erred (1) in awarding custody of the two younger children to the mother and (2) in failing to consider the depreciation of the family home in fixing its value.

The parties were married in 1959 and separated in January of 1976. Four children were born to the marriage. At the time of the separation the two older children, a son aged 14 and a son aged 11, remained in the family home located on the Warm Springs Indian Reservation with the father. The mother took the two younger children, a daughter aged 10 and a son aged 9, and moved to Bend.

The father is an enrolled member of the Confederated Tribes of the Warm Springs Indian Reservation of Oregon and is employed in an administrative capacity at a sawmill operated by the Confederated Tribes.

Neither party disputed the fitness of the other to have custody of the children, nor was any evidence introduced that reflected unfavorably on the fitness, character or morals of either party.

The record indicates that the two younger children spent considerable time at Warm Springs, including about one-half of their summer vacation. There was testimony that at different times all four children had expressed a preference to live at Warm Springs rather than at Bend.

In his brief the father placed strong emphasis on the various tribal benefits which would accrue to the two younger children if custody were transferred to the father and the children would return to the reservation to live. The trial judge likewise gave considerable weight to this factor in considering the awarding of custody. However, at the time of oral arguments in this court, the father informed this court

that the tribal council had now duly adopted and formally enrolled both children as lawful members of the Confederated Tribes. (The youngest boy was already enrolled as a member of the Tribes.) We assume that this now places all children of the parties on substantially an equal footing so far as tribal benefits are concerned.

After studying the record we conclude that we should not disturb the decision of the trial court on either ground assigned as error by the father.

Contrary to the argument of the father, we do not read the trial court's opinion as indicating that the court was awarding custody of the two younger children to the mother simply because she was the mother, in violation of ORS 107.137(3).[1] The trial court's opinion clearly shows that the court was fully cognizant of the above statute and of the other statutory criteria, including the oft-repeated factors set forth in *Tingen v. Tingen,* 251 Or 458, 446 P2d 185 (1968), and *Gwinner and Gwinner,* 24 Or App 743, 547 P2d 151, Sup Ct *review denied* (1976), and correctly applied all appropriate factors in reaching its decision. We do the same in our de novo review and reach the same result.

■ We next consider the father's contention that the trial judge erred in failing to allow for depreciation on the family home ($4,141.14). The Bureau of Indian Affairs' appraiser, whose appraisal report was introduced by the father into evidence, did make such allowance. We agree that the trial judge, in arriving at its determination of the fair value of the family home, was not required to accept this figure. *See, State v. Van Dolah,* 14 Or App 125, 512 P2d 1013 (1973). There was other evidence that, considering today's housing market in the area, the value of the home was the

---

[1] ORS 107.137(3) provides:

"No preference in custody shall be given to the mother over the father for the sole reason that she is the mother."

replacement cost ($69,020) without reduction for depreciation.

Affirmed. Costs to respondent.