Argued October 19, affirmed December 4, 1978

STATE OF OREGON, *Respondent,*
*v.*
DONALD LEE FOWLER, *Appellant.*
(No. C77 12 17049, CA 10930)

587 P2d 104

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer* and Buttler, Judges.

THORNTON, J.

*Tanzer, J., did not participate in this decision.

## THORNTON, J.

Defendant, convicted of armed robbery, appeals and makes two assignments of error.

His first assignment concerns the instruction given by the trial court relating to the claimed defense of duress. Defendant's contention of coercion is based on testimony that he was ordered to enter the victim's store by a third person who held a knife on defendant's brother.

■ The instruction, based upon ORS 161.270, was given in relevant part as follows:

> "[THE COURT:] The defense of duress has been raised. The statute says that a person is not criminally responsible for his alleged criminal conduct if he was coerced to engage in such conduct by the use or threatened use of unlawful physical force upon him or a third person if the threatened physical force was of such a nature or degree as to overcome earnest resistance by the defendant. However, duress is not a defense if the defendant intentionally or recklessly placed himself in a situation where it was probable that he would be subjected to the kind and degree of coercion which I just described above."

Defendant excepted to the instruction on the ground that there was no evidence to show that he had intentionally or recklessly placed himself in a situation where it was possible that he would be subjected to coercion to commit a crime.

The transcript reveals that on at least two occasions opportunities presented themselves for defendant to escape from whatever coercion existed, but that he did not avail himself of those opportunities.

The sequence of events leading up to the robbery was as follows: After defendant entered two or three other stores and determined that the risks were too great, defendant testified that he was ordered to rob the market involved in the instant case. The vehicle in which the trio was riding, however, ran out of gasoline near the front door of the market, and they had to push

[ 301 ]

the vehicle across a busy boulevard to obtain gasoline. Defendant testified:

"Q: If you felt so threatened, why when he had one arm pushing and one arm on the steering wheel and he couldn't get to his knife didn't you just run?

"A: Stupidity."

Defendant's second escape opportunity occurred at the market. Defendant entered the market twice in a period of approximately 15 minutes. The robbery occurred on the second occasion when defendant entered by himself. The first time defendant's brother also entered. The third person was supposedly watching nearby. Defendant testified that at that time the third person was in possession of the gun which defendant later used in the robbery. Inasmuch as defendant was then free and his brother, the supposed hostage, was also free, it is obvious that there was evidence to support a finding that defendant had clear avenues of escape or, at a minimum, an opportunity for alerting the cashier to his supposed predicament, and that there was no excuse for defendant to reenter the zone of danger.

We conclude that the trial court's instruction was amply supported by the record.

■ Defendant's second assignment urges as error the trial court's disallowance of opinion evidence from defendant's former probation officer on the issue of defendant's sanity. It is defendant's position that ORS 41.900(10)[1] allows opinion evidence from nonexperts on defendant's sanity, provided that the witness is "an intimate acquaintance." We have previously held that the issue is a matter for the sound discretion of the trial court, *State v. Van Dolah,* 14 Or App 125, 512 P2d

---

[1] ORS 41.900(10) provides:

"Evidence may be given of the following facts:

"* * * * *

"(10) The opinion of a subscribing witness to a writing, the validity of which is in dispute, respecting the mental sanity of the signer; and the opinion of an intimate acquaintance respecting the mental sanity of a person, the reason for the opinion being given."

1013 (1973); *State v. Dyer,* 16 Or App 247, 514 P2d 363, 518 P2d 184 (1974).

The question presented is whether the trial court abused its discretion in holding that defendant's former probation officer was not a sufficiently "intimate acquaintance" to testify concerning defendant's sanity. We hold that it did not under the facts involved here. The probation officer met defendant in November 1973. Subsequently, the two met at least monthly, and often met twice per week. The meetings generally lasted from 10 to 20 minutes. They had not met, however, for over seven months prior to the robbery at issue here or thereafter.

Given the time lapse in the witness' acquaintance with defendant, we hold that the trial court did not abuse its discretion by not allowing the witness to give an opinion.

Affirmed.