Argued March 30, remanded for resentencing April 16, 1973

STATE OF OREGON, *Respondent, v.* IRENE
ETHEL LARSON, *Appellant.*

508 P2d 835

*Robert P. VanNatta,* St. Helens, argued the cause and filed the brief for appellant.

*John F. Hunnicutt,* Deputy District Attorney, St. Helens, argued the cause for respondent. With him on the brief was Robert A. Lucas, St. Helens.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

Defendant was convicted in the district court of driving a motor vehicle upon a highway while having more than .15 percent by weight of alcohol in the blood. ORS 483.999. She appealed to the circuit court and after a trial de novo was convicted by a jury of the same offense. She was sentenced to serve six days in jail and to pay a fine of $155. She appeals from the sentence; specifically, from the imposition of the jail term.

Defendant claims that the trial judge improperly exercised his discretion in imposing sentence because he erroneously interpreted ORS 483.999 as making mandatory the imposition of a jail sentence upon conviction.

The record indicates this probably was the trial judge's interpretation of the statute:

"THE COURT: * * * I, frankly, interpret the six days to mean just what it says and that is not less than six days in jail, and therefore it will be the order of the court that there will be a fine of $155 total and six days in the Columbia County Jail."

"* * * * *

"MR. VANNATTA [defendant's counsel] : Your Honor, I have one question for the benefit of clarifying the record. Do I understand that the court's reasoning behind imposing the jail sentence is based solely upon the fact that the court interprets the statute to believe that that's a mandatory provision?

"THE COURT: Correct.

"MR. VANNATTA: And the court would not have imposed that sentence if it had not so interpreted the statute?

"THE COURT: I don't believe so, no.

"MR. VANNATTA: Very well, Your Honor.

"THE COURT: State have any questions about that?

"MR. HUNNICUTT: No, Your Honor.

"THE COURT: I frankly think based upon the evidence in the case that the fine of $155, even taking into consideration the driving record, is such that would constitute a sufficient fine, but I do read that to say not less than six days, and of course, I'm aware of what the legislature's intent was, as I suppose we all are. Whether or not that's a constitutional provision or not, I also understand there's varying opinions. I, frankly, read it as to the way I think it was intended and that is not less than six days and therefore that is why I did impose that sentence. I think it's mandatory."

ORS 483.999 provides, in pertinent part:

"(1) Any person who drives any vehicle upon any highway of this state when that person has .15 percent or more by weight of alcohol in his blood * * * shall be punished, upon conviction, by imprisonment in the county or municipal jail for not less than six days and not more than one year *or* a fine of not more than $2,000, *or both*." (Emphasis supplied.)

■ The provisions for imprisonment *or* fine *or*

both are clearly in the alternative. Imprisonment is not mandatory. In the proper exercise of his discretion, the sentencing judge may choose either fine or imprisonment or both. The only requirements relating to a jail term are those which prescribe the minimum and maximum term if, but only if, a jail sentence is imposed.

■ The trial judge implied that he was guided in his interpretation of the statute by his understanding of the legislature's intent. Where the language used in a statute is plain and unambiguous, the legislative intent is gathered therefrom.

> "* * * It is presumed that the legislature meant precisely what its words imply. Such being the case, we are not permitted to resort to rules of statutory construction in interpreting the statute * * *." *Feero et al v. Housley et al*, 205 Or 404, 415, 288 P2d 1052 (1955).

■ While the sentence imposed is within the statutory limits, it apparently was based on a misapprehension of the choices available, and hence cannot be said to reflect a proper exercise of judicial discretion.

Remanded for resentencing.