Argued and submitted November 26, conviction affirmed; remanded for resentencing
December 31, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# TERRY LYNN ACKLIN,
*Appellant.*

(J85-2578; CA A39237)

730 P2d 1288

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This case presents a sentencing issue under the provisions of ORS 161.610, the so-called "gun minimum" statute.[1] Because the trial court misinterpreted the application of that statute, we remand for resentencing.

Defendant was originally charged with the Class B felony of assault in the second degree involving the use of a deadly weapon, a .22 rifle. ORS 163.175. He entered a plea of no contest to the lesser included Class C felony of assault in the third degree. ORS 163.165. The trial court imposed a five-

---

[1] ORS 161.610 provides:

"(1) As used in this section, 'firearm' means a weapon which is designed to expel a projectile by the action of black powder or smokeless powder.

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(2), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court.

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.

"(5) If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (4) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing."

year sentence with a two and one-half year minimum, pursuant to ORS 144.110. The court also ordered that defendant serve a five-year minimum term, pursuant to ORS 161.610.

In imposing the five-year minimum, the trial court apparently concluded that defendant's no contest plea constituted an admission that he had used a firearm during the commission of the assault. Defendant does not contest that point, and it is not an issue on appeal. Quoting ORS 161.610(3), the trial court explained:

> " 'If a Defendant is convicted of a felony having as an element the Defendant's use or threatened use of a firearm during the commission of the crime, the Court shall impose at least the minimum term of imprisonment as provided in subsection 4 of this section.'

> "I don't have any discretion whether the State wants to abandon its position or not. I have to, under the law of this State, impose the mandatory minimum. If as an element of Defendant's offense use or threatened use of a firearm exists."

Defendant acknowledges that his sentence is authorized by ORS 161.610, but he urges that the trial court should have considered subsection (5) of the statute, which permits the court to suspend or modify the five-year sentence "if it is the first time that the defendant is subject to punishment" under ORS 161.610 and "when the court expressly finds mitigating circumstances justifying [a] lesser sentence." Here, defendant did make some showing at the sentencing hearing regarding the presence of "mitigating circumstances."[2] However, as noted, the trial court rejected the notion that it had any discretion in the matter.

The state concedes that *State v. Larson,* 13 Or App 97, 508 P2d 835 (1973), is dispositive of this case. There, we noted that, even though a sentence may be within statutory limits, when it is based on a misapprehension of the choices available to the sentencing court, it cannot be said to reflect a proper exercise of judicial discretion.

---

[2] The facts on which defendant relies may be summarized: (1) The weapon involved was accidentally fired; (2) defendant did not intend to harm anyone; (3) the victim's wound was superficial; (4) defendant cooperated with officers and pled no contest; and (5) defendant acted in a moment of passion and has not been subject to ORS 161.610 before this time.

Accordingly, we remand for resentencing, so that the trial court may properly consider whether the "mitigating circumstances" asserted by defendant justify suspension or modification of the five-year minimum sentence.

Conviction affirmed; remanded for resentencing.