## STATE OF OREGON,
*Respondent,*

*v.*

## DARRELL JAY WIGHT,
*Appellant.*

(C87-03-31256; CA A45991)

759 P2d 331

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Frank Gruber, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals his convictions for murder, being an ex-convict in possession of a firearm and possession of a controlled substance. The trial court imposed, among others, 10- and 15-year consecutive minimum sentences on the murder conviction under ORS 163.115(3)(b) and (c), respectively, and a five-year minimum sentence on each conviction under ORS 161.610. We vacate the minimum sentences imposed under ORS 161.610, remand for resentencing and otherwise affirm.

In his second assignment of error,[1] defendant contends that the trial court erred in denying his motion for judgment of acquittal on the charge of possession of a controlled substance. The evidence, if believed, was sufficient for a jury to find defendant guilty beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 138, 523 P2d 1009 (1974).

■ In his third assignment, defendant contends that the trial court erred in imposing more than one minimum sentence under ORS 161.610, which allows an enhanced penalty for using a firearm in the commission of a felony. We accept the state's concession that the trial court erred. *State v. Hardesty,* 298 Or 616, 695 P2d 569 (1985); *State v. Mackey,* 86 Or App 691, 695, 740 P2d 231, *rev den* 304 Or 279 (1987). On this record, we cannot determine whether the trial court would have ordered the minimum sentence under ORS 161.610 to be served concurrently or consecutively to the minimum sentences imposed on the murder conviction under ORS 163.115(3)(b) and (c).[2] We therefore vacate the three minimum sentences imposed under ORS 161.610 and remand for resentencing.

■ In his fourth assignment, defendant contends that the trial court erred in imposing the 15-year minimum sentence under ORS 163.115(3)(c),[3] which grants authority to the

---

[1] Defendant's first assignment of error lacks merit and requires no discussion.

[2] The sentence imposed for being an ex-convict in possession of a firearm was ordered to be served concurrently with the sentence for murder; the sentence imposed for being in possession of a controlled substance was ordered to be served consecutively to the other sentences.

[3] ORS 163.115(3) provides:

"(a) A person convicted of murder shall be punished by imprisonment for life.

sentencing court to impose a minimum term of up to 15 years "in addition to" the 10-year minimum mandated by ORS 163.115(3)(b). The only reasonable construction of subsection (c) is that the legislature intended to provide sentencing courts with the power to extend the minimum term an additional 15 years beyond the mandatory minimum required by subsection (b). It is well settled that a sentence within the statutory limits is valid, unless the sentencing court abused its discretion in imposing the sentence. *See State v. Walley,* 1 Or App 189, 192, 460 P2d 370 (1969); *see also State v. Acklin,* 83 Or App 246, 249, 730 P2d 1288 (1986). Here, the trial court imposed a sentence within the statutory limits, and defendant does not contend that it was an abuse of discretion. There was no error.[4]

Minimum sentences imposed under ORS 161.610 vacated; remanded for resentencing; and otherwise affirmed.

---

"(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(4) The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole."

[4] Defendant also raises four constitutional challenges to ORS 163.115(3)(c). Those challenges lack merit and require no discussion.