STATE OF OREGON,
*Respondent,*

*v.*

DENNIS DELBERT BUCKLES,
*Appellant.*

(86-2138; CA A44382)

760 P2d 903

Gary Babcock, Public Defender, Salem, filed the brief for appellant. With him on the brief was John P. Daugirda, Deputy Public Defender, Salem.

Dave Frohnmayer, Attorney General, Salem, filed the brief for respondent. With him on the brief were Virginia L. Linder, Solicitor General, and Frank Gruber, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

After defendant was convicted of the murder of his spouse, the trial court sentenced him to life imprisonment and imposed a 10-year minimum sentence, ORS 163.115(3)(b), a consecutive 15-year minimum sentence, ORS 163.115(3)(c), and a concurrent five year minimum sentence. ORS 161.610. Defendant raises four constitutional challenges to ORS 163.115(3)(c),[1] which grants authority to the sentencing court to impose a minimum term of up to 15 years "in addition to" the 10-year minimum mandated by ORS 163.115(3)(b). He argues that the statute violates the vagueness, disproportionality, cruel and unusual punishment and privileges and immunities doctrines. Those contentions are without merit. *See State v. Wight,* 92 Or App 638, 759 P2d 331 (1988).

Defendant also argues that the court abused its discretion in imposing the sentence. There was no abuse of discretion.

Affirmed.

---

[1] ORS 163.115(3) provides:

"(a) A person convicted of murder shall be punished by imprisonment for life.

"(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(d) The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole."