Harvey A. CARON, Petitioner–
Appellant,

v.

S. Frank THOMPSON, Respondent–
Appellee.

No. 00–35028.

D.C. No. CV–97–06088–DCA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2001.

Decided March 1, 2001.

Amended on Denial of Rehearing
April 6, 2001.

Before MCKEOWN, W. FLETCHER,
and RAWLINSON, Circuit Judges.

MEMORANDUM [*]

Petitioner–Appellant Harvey Caron appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. Petitioner pleaded no contest to murder in Oregon state court, and was sentenced to life in prison with the possibility of parole after 20 years. In his petition, he contends that the performance of his trial counsel constituted ineffective assistance of counsel in violation of the Sixth Amendment. His petition was referred to a magistrate judge, who made findings and a recommendation that petitioner be denied relief on the ground that he had not shown prejudice resulting from his counsel's alleged ineffective assistance. After *de novo* review, the district court adopted in all respects the findings and

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

recommendation of the magistrate judge. Petitioner contends on appeal that the district court erred in concluding that he failed to show prejudice.

■ Petitioner must show that "his trial counsel's performance fell outside a wide range of reasonableness and that he was prejudiced by that performance." *Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000). He must demonstrate that there is a "reasonable probability" that if his attorney were effective "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The central dispute concerns a psychological report, appended to the state's sentencing memorandum, predicting that petitioner would be dangerous in the future. Petitioner contends that his counsel rendered ineffective assistance in failing to object to the methodology behind the report and in failing to investigate the credentials of its preparer, Dr. Cochran. Petitioner argued his ineffectiveness claim and presented supporting evidence to the state court. He then presented additional supporting evidence to the district court, not presented to the state court, showing that Dr. Cochran had been disciplined for using improper methods in evaluating criminal defendants. The district court refused to consider this additional evidence on the ground that, by failing to present it to the state court, petitioner had failed to exhaust this aspect of his ineffectiveness claim.

For purposes of deciding this appeal, we are willing to assume both that the performance of petitioner's counsel was deficient, and that the additional evidence should have been considered by the district court. We nonetheless affirm the district court's decision.

The Oregon sentencing statute involved in this case gave the trial judge discretion in determining whether to impose, along with the statutorily required ten year minimum, an additional minimum term of up to fifteen years. *State v. Wight*, 92 Or.App. 638, 759 P.2d 331, 332 (Or.Ct.App.1988); *see* Or.Rev.Stat. § 163.115(3)(b)-(c) (1993). The twenty-year minimum term imposed was therefore five years short of what petitioner could have received. There was ample evidence in the record, independent of Dr. Cochran's report, to support petitioner's sentence, and the sentencing judge explained on the record the reasons for his sentence without mentioning the report. The district court therefore concluded that petitioner did not succeed in showing that the sentencing judge relied on Dr. Cochran's report in arriving at his sentence, and we agree. Because petitioner did not show a reasonable probability that he would have received a shorter sentence if his counsel had performed differently, his petition was properly denied.

AFFIRMED.

